GERALD R. KIRWAN, JR., AND LEONA KIRWAN, HUSBAND AND
WIFE, APPELLANTS AND CROSS-APPELLEES, V. CHICAGO TITLE
INSURANCE COMPANY, APPELLEE AND CROSS-APPELLANT.

624 N.W.2d 644

Filed April 20, 2001.    No. S-99-498.

David A. Domina and Nora M. Kane, of Domina Law, P.C.,
for appellants.

Matthew F. Wright, Derrick J. Hahn, Lynn R. Fritz, and, on
brief, Richard J. Butler, of Butler, Galter, O'Brien, Boehm &
Fritz Law Firm, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

This case is before the Nebraska Supreme Court on the grant of the petition for further review filed by appellants, Gerald R. Kirwan, Jr., and Leona Kirwan. The opinion of the Nebraska Court of Appeals is found at *Kirwan v. Chicago Title Ins. Co.*, 9 Neb. App. 372, 612 N.W.2d 515 (2000).

At issue in this appeal are the obligations of appellee, Chicago Title Insurance Company (Chicago Title), to pay for attorney fees incurred in successfully defending title to certain insured property in South Dakota (the subject property) by two of its insureds: (1) the Kirwans, the purchasers of the subject property, and (2) First Trust National Association (First Trust), the Kirwans' lender. We conclude that under the purchasers' title insurance policy, Chicago Title was not obligated to pay the cost of defending the Kirwans in the claim against the subject property, and we affirm the Court of Appeals' decision to that effect. We further conclude that under the lender's title insurance policy, Chicago Title was obligated to pay the cost of defending First Trust, a named defendant, in the claim against the subject property, and we therefore reverse that portion of the Court of Appeals' decision which concluded that the Kirwans were obligated to reimburse Chicago Title for the fees Chicago Title had paid to First Trust's attorney and remand the cause with directions to enter an order affirming the district court's denial of Chicago Title's motion for summary judgment on this counterclaim.

## STATEMENT OF FACTS

A more complete recital of the underlying facts in this case may be found in the Court of Appeals' opinion, *Kirwan v. Chicago Title Ins. Co., supra.* The facts and procedural history of particular relevance on further review are summarized herein. There is no dispute regarding the material facts.

In March 1991, Robert and Eva Matthews sold and conveyed the subject property to the Kirwan Ranch, a South Dakota partnership, and David, Harry, and Betty Vanderwerf (collectively

referred to as "the Vanderwerfs") as tenants in common. At their request, Harry and Betty's names did not appear on the deed. In 1995, the partnership asked David to execute a quitclaim deed with respect to the subject property, accompanied by the representations that the deed would not be recorded and that the property would be used as collateral for a loan. The partnership told David that when it received the loan proceeds, it would buy out the Vanderwerfs' interest. David signed the quitclaim deed. The partnership recorded it the same day.

Thereafter, in December 1995, without the Vanderwerfs' approval, the partnership entered into a contract to sell the property to the Kirwans. In the course of this sale, the Kirwans obtained from Chicago Title a title insurance commitment for the subject property effective April 1, 1996. The sale closed, and on April 26, the Kirwans obtained a mortgage from First Western Bank, N.A., which mortgage was later assigned to First Trust. Effective May 16, Chicago Title issued to the Kirwans an owner's title insurance policy on the subject property, and it issued a lender's title insurance policy to First Trust effective the same date.

The purchaser's title insurance commitment and the purchaser's title insurance policy each contain exclusionary provisions. However, the texts of the exclusionary provisions differ. The April 1, 1996, title insurance commitment provides:

> If the proposed Insured has or acquires actual knowledge of any defect, lien, encumbrance, adverse claim or other matter affecting the estate or interest or mortgage thereon covered by this Commitment other than those shown in Schedule B hereof [which schedule does not include the Vanderwerfs' claim], and shall fail to disclose such knowledge to [Chicago Title] in writing, [Chicago Title] shall be relieved from liability for any loss or damage resulting from any act of reliance hereon to the extent [Chicago Title] is prejudiced by failure to so disclose such knowledge.

The relevant "Exclusions from Coverage" provisions of the Kirwans' May 16 title insurance policy with Chicago Title provide:

> The following matters are expressly excluded from the coverage of this policy and [Chicago Title] will not pay

loss or damage, costs, attorneys' fees or expenses which arise by reason of:

. . . .

3. Defects, liens, encumbrances, adverse claims or other matters:

. . . .

(b) not known to [Chicago Title], not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to [Chicago Title] by the insured claimant prior to the date the insured claimant became an insured under this policy[.]

On April 5, 1996, the Vanderwerfs' lawyer wrote a letter to the Kirwans setting forth the Vanderwerfs' claim to the subject property. The Kirwans received the letter on April 7 or 8, but did not notify either Chicago Title or First Trust of the Vanderwerfs' claim at that time. On May 16, the Vanderwerfs brought suit in South Dakota state court against Kirwan Ranch, the Kirwans, and First Trust to set aside the transfer of the property and void the Kirwans' and First Trust's claims to the subject property (the South Dakota litigation).

On or about June 21, 1996, the Kirwans' attorney notified Chicago Title about the lawsuit against the subject property, thus advising Chicago Title of the claim for the first time. Chicago Title initially provided a defense for both the Kirwans and First Trust. As a result of information developed in discovery in the South Dakota litigation, Chicago Title later denied coverage to Gerald Kirwan on April 10, 1997, and to Leona Kirwan on September 3 for indemnity and defense, citing subsection 3(b) of the title insurance policy's exclusionary provisions. Chicago Title concluded that under subsection 3(b) of the title insurance policy, it had a duty neither to indemnify nor to defend the Kirwans against the Vanderwerfs' claim because the Kirwans had learned of the claim prior to the date the Kirwans became insureds and had failed to inform Chicago Title prior to the date the Kirwans became insureds under the title insurance policy.

Following Chicago Title's denial of coverage, the Kirwans hired legal counsel and successfully defended the Vanderwerfs' suit. The South Dakota trial court held that the Kirwans had received an absolute conveyance of the subject property and

were bona fide purchasers for value and without notice of fraud. It entered summary judgment in favor of the Kirwans and First Trust. The South Dakota Supreme Court affirmed the trial court's grant of summary judgment in favor of the Kirwans and First Trust. *Vanderwerf v. Kirwan*, 586 N.W.2d 858 (S.D. 1998).

On November 24, 1997, the Kirwans filed the instant action against Chicago Title in Holt County District Court (the Nebraska litigation). In their second amended petition filed May 8, 1998 (amended petition), the Kirwans alleged that the title insurance policy issued by Chicago Title provided that Chicago Title would "pay all reasonable costs of defense, including attorneys' fees, incurred in connection with any attack upon title . . . to or concerning the real estate." The amended petition further alleged that contrary to this provision in the title insurance policy, Chicago Title failed to provide and pay for legal services for the Kirwans and that as a result, the Kirwans personally incurred legal expenses successfully defending against the Vanderwerfs' claim. The Kirwans sought to recover the amount of legal fees they had incurred in the South Dakota litigation, as well as the attorney fees they incurred in the Nebraska litigation.

On June 1, 1998, Chicago Title filed its answer to the Kirwans' amended petition. Citing to subsection 3(b) of the title insurance policy's exclusion from coverage provision, Chicago Title denied that it had any duty to provide or pay for the Kirwans' legal expenses. Chicago Title also filed counterclaims, seeking, inter alia, repayment of the amounts Chicago Title had expended on attorney fees paid on behalf of both the Kirwans and First Trust in the South Dakota litigation.

On February 1, 1999, the Kirwans filed a motion for partial summary judgment in the Nebraska litigation. In their motion, the Kirwans sought entry of an order directing Chicago Title to reimburse them for attorney fees incurred in successfully defending title in the South Dakota litigation. On March 9, Chicago Title filed a cross-motion for summary judgment, generally seeking entry of judgment against the Kirwans on the claims raised in their amended petition and in Chicago Title's favor on its counterclaims. In its motion for summary judgment, Chicago Title specifically sought an order directing the Kirwans to reimburse Chicago Title for attorney fees Chicago Title had

expended in defending the Kirwans in the South Dakota litigation prior to Chicago Title's withdrawal of its defense. It also sought an order directing the Kirwans to reimburse Chicago Title for attorney fees Chicago Title had expended defending First Trust in the South Dakota litigation.

The parties' motions for summary judgment came on for hearing on March 18, 1999. Fifty-three exhibits, many with voluminous attachments, were admitted into evidence. The district court treated the Kirwans' motion as a cross-motion for summary judgment seeking entry of judgment on their amended petition and against Chicago Title on its counterclaims. The district court treated Chicago Title's motion for summary judgment as a cross-motion for summary judgment seeking entry of judgment against the Kirwans on their amended petition and in its favor on its counterclaims.

The district court ruled on the cross-motions for summary judgment on April 15, 1999. In its opinion, the district court found that as to the claims raised by the Kirwans in their amended petition, the Kirwans had learned of the Vanderwerfs' claim before the title insurance policy was issued and did not disclose the adverse claim to Chicago Title prior to its issuance of the title insurance policy. The district court concluded that the Vanderwerfs' claim was excluded under subsection 3(b) of the exclusionary provisions of the title insurance policy, and Chicago Title had no duty to defend the Kirwans or to pay for their legal fees in the South Dakota litigation. Accordingly, the district court denied the Kirwans' motion for summary judgment and granted Chicago Title's cross-motion for summary judgment on the claims raised by the Kirwans in their amended petition and dismissed the Kirwans' amended petition with prejudice.

As to Chicago Title's motion for summary judgment on its counterclaims, the district court concluded that the Kirwans were obligated to reimburse Chicago Title for the attorney fees Chicago Title had paid to defend the Kirwans in the South Dakota litigation prior to the withdrawal of its defense. The district court therefore granted a portion of Chicago Title's motion for summary judgment, ordered the Kirwans to reimburse Chicago Title for the legal fees Chicago Title had paid on the Kirwans' behalf in the South Dakota litigation and entered judg-

ment in Chicago Title's favor on this counterclaim. With respect to Chicago Title's counterclaim which sought to compel the Kirwans to reimburse Chicago Title for those sums Chicago Title had expended providing legal counsel to First Trust in the South Dakota litigation, the district court found that the lender's policy provided First Trust with a right to require a defense and that Chicago Title was responsible for those defense costs incurred on First Trust's behalf in the South Dakota litigation. The district court denied the portion of Chicago Title's motion for summary judgment which had sought reimbursement from the Kirwans for the attorney fees which Chicago Title had paid in the defense of First Trust in the South Dakota litigation and dismissed this counterclaim with prejudice.

To summarize, as a result of these rulings, the district court entered summary judgment in favor of Chicago Title and against the Kirwans on the claim raised by the Kirwans in their amended petition and dismissed the Kirwans' amended petition with prejudice. The district court entered summary judgment in favor of Chicago Title and against the Kirwans on Chicago Title's counterclaim that sought reimbursement of defense costs paid on behalf of the Kirwans in the South Dakota litigation. The district court entered summary judgment in favor of the Kirwans and against Chicago Title on the counterclaim raised by Chicago Title in which it sought reimbursement of attorney fees it had paid to defend First Trust in the South Dakota litigation and dismissed that counterclaim with prejudice.

The Kirwans appealed the district court's denial of their motion for summary judgment and dismissal of their amended petition to the Court of Appeals, and Chicago Title cross-appealed the district court's order on summary judgment refusing to order the Kirwans to pay Chicago Title the amount of legal fees it had incurred in defending First Trust in the South Dakota litigation. We note for the sake of completeness that the Kirwans did not appeal to the Court of Appeals the district court's decision granting summary judgment in Chicago Title's favor and ordering the Kirwans to reimburse Chicago Title for those attorney fees Chicago Title had paid on the Kirwans' behalf in the South Dakota litigation prior to Chicago Title's withdrawal of the defense. Accordingly, the Court of Appeals

did not comment on this portion of the district court's order, nor does this court comment on further review, and that portion of the district court's order remains in effect. See, generally, *Susan H. v. Keith L.*, 259 Neb. 322, 609 N.W.2d 659 (2000) (issue not assigned as error will not be considered on appeal).

In its published opinion deciding the Kirwans' appeal, the Court of Appeals affirmed the district court's order denying the Kirwans' motion for summary judgment and granting Chicago Title's motion for summary judgment on the claims raised in the Kirwans' amended petition. With respect to the cross-appeal filed by Chicago Title, the Court of Appeals concluded that Chicago Title had paid First Trust's attorney fees as a "volunteer" and, therefore, reversed that portion of the district court's summary judgment order which had denied Chicago Title's request for an order directing the Kirwans to reimburse it for those sums Chicago Title had expended for First Trust's legal fees in the South Dakota litigation. In connection with its reversal, the Court of Appeals remanded the cause for entry of judgment in favor of Chicago Title and against the Kirwans in the amount of $10,795.43, which amount equaled those sums Chicago Title paid for First Trust's attorney fees in the South Dakota litigation. See *Kirwan v. Chicago Title Ins. Co.*, 9 Neb. App. 372, 612 N.W.2d 515 (2000). We granted the Kirwans' petition for further review, and for the reasons stated below, we affirm in part and in part reverse the decision of the Court of Appeals.

## ASSIGNMENTS OF ERROR

In their petition for further review, the Kirwans claim, restated, that the Court of Appeals erred (1) in affirming the district court's order which had granted the cross-motion of Chicago Title and had denied their motion for summary judgment in which the Kirwans had sought reimbursement from Chicago Title for the attorney fees they had incurred in connection with their successful defense of the title claim in the South Dakota litigation and (2) in reversing the portion of the district court's order which had denied Chicago Title's motion for summary judgment seeking reimbursement from the Kirwans for the amount of attorney fees Chicago Title had paid on First Trust's behalf in the South Dakota litigation and in remanding the cause

to the district court with instructions to enter judgment in favor of Chicago Title and against the Kirwans for $10,795.43, an amount equal to those sums Chicago Title paid to First Trust's attorneys for legal fees incurred in the defense of First Trust in the South Dakota litigation.

## STANDARDS OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Allstate Ins. Co. v. LaRandeau, ante* p. 242, 622 N.W.2d 646 (2001). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Bates v. Design of the Times, Inc., ante* p. 332, 622 N.W.2d 684 (2001).

Although the denial of a motion for summary judgment, standing alone, is not a final, appealable order, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as it deems just. *State Farm Mut. Auto Ins. Co. v. Cheeper's Rent-A-Car*, 259 Neb. 1003, 614 N.W.2d 302 (2000).

## ANALYSIS

*Choice of Law.*

The Court of Appeals determined that South Dakota law governs the substantive issues in this case. See *Powell v. American Charter Fed. Sav. & Loan Assn.*, 245 Neb. 551, 514 N.W.2d 326 (1994). Neither party challenges that determination on further review. We conclude that the Court of Appeals was correct in this determination.

Unlike substantive issues, procedural matters are governed by the law of the forum. *Whitten v. Whitten*, 250 Neb. 210,

548 N.W.2d 338 (1996). As the Court of Appeals correctly stated, "The standard of review to apply in a trial court's summary judgment and whether a party is entitled to summary judgment is a matter of procedure controlled by the law of the forum." *Kirwan v. Chicago Title Ins. Co.*, 9 Neb. App. 372, 379, 612 N.W.2d 515, 522 (2000) (citing *Shilling v. Moore*, 249 Neb. 704, 545 N.W.2d 442 (1996)).

Accordingly, in reviewing this case, we look to South Dakota's substantive law. However, we review the district court's orders regarding the cross-motions for summary judgment and the Court of Appeals' review thereof in accordance with Nebraska's procedural law.

*South Dakota's Substantive Law.*

Under South Dakota law, the insurer's duty to defend is severable and independent of its duty to pay and the duty to defend is a broader obligation, encompassing situations in which the duty to pay may not arise. *Tri-State Co. of Minnesota v. Bollinger*, 476 N.W.2d 697 (S.D. 1991); *Hawkeye-Security Ins. Co. v. Clifford*, 366 N.W.2d 489 (S.D. 1985). The insurer bears the burden of proving it had no duty to defend the insured. *SDCP v. Wausau Underwriters Ins. Co.*, 616 N.W.2d 397 (S.D. 2000); *State Farm Mut. Auto. Ins. Co. v. Wertz*, 540 N.W.2d 636 (S.D. 1995). In order to meet this burden, the insurer must show that the claim "clearly falls outside of policy coverage." *Hawkeye-Security Ins. Co.*, 366 N.W.2d at 492.

Under South Dakota law, the existence of the rights and obligations of parties to an insurance contract is determined by the language of the contract, which is to be construed according to the plain and ordinary meaning of the contract terms. *Biegler v. American Family Mut. Ins. Co.*, 621 N.W.2d 592 (S.D. 2001); *Elrod v. General Cas. Co. of Wisconsin*, 566 N.W.2d 482 (S.D. 1997); *Pete Lien & Sons v. First American Title*, 478 N.W.2d 824 (S.D. 1991). When the insurance policy provisions are "fairly susceptible of different interpretations, the interpretation most favorable to the insured should be adopted." *Friesz ex rel. Friesz v. Farm & City Ins.*, 619 N.W.2d 677, 697 (S.D. 2000). This rule of liberal construction, however, applies only when the contract language is ambiguous and susceptible of more than one inter-

pretation. The Supreme Court of South Dakota has stated that the "rule does not mean . . . that a court may seek out a strained or unusual meaning for the benefit of the insured. . . . '[A]n ambiguity is not of itself created simply because the parties differ as to the interpretation of the contract.'" *Id.* at 680 (quoting *Johnson v. Johnson*, 291 N.W.2d 776 (S.D. 1980)). South Dakota law recognizes that "[i]nsurers may assume some risks and exempt themselves from liability for others." *Kennel Club v. Indemnity Company*, 77 S.D. 503, 507, 94 N.W.2d 90, 92 (1959).

*Appeal: Court of Appeals' Decision That Chicago Title Did Not Have Duty to Defend Kirwans.*

In its amended petition filed in the district court and in its assignments of error on appeal to the Court of Appeals, the Kirwans claimed that Chicago Title had a duty to defend them in the South Dakota litigation and sought reimbursement for their attorney fees incurred in the successful defense of the title claim. Both the district court and the appellate court rejected this claim. On further review, we find no error by the Court of Appeals in rejecting the Kirwans' argument on appeal and in affirming the decision of the district court in this regard.

The record in this appeal conclusively establishes that the Kirwans knew of the Vanderwerfs' claim before the title insurance policy was issued, but failed to notify Chicago Title until sometime after May 16, 1996, the date they became insureds under the policy. Pursuant to the language of the title insurance policy's exclusionary provisions, subsection 3(b), the Vanderwerfs' claim is excluded from coverage under the policy. As such, Chicago Title was not obligated to pay any damages, attorney fees, or expenses that arose by reason of such a claim.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Allstate Ins. Co. v. LaRandeau, ante* p. 242, 622 N.W.2d 646 (2001). On the record presented in this appeal, the district court correctly rejected the Kirwans' claim in their amended petition for reimbursement of attorney fees incurred in the South

Dakota litigation and correctly entered summary judgment in favor of Chicago Title and against the Kirwans on this claim. On appeal, the Court of Appeals affirmed the district court's decision. On further review, we affirm the decision of the Court of Appeals as to this issue.

*Cross-Appeal: Court of Appeals' Decision That*
*Chicago Title Did Not Have Duty to Defend First Trust.*

The Kirwans assign as error on further review the decision of the Court of Appeals reversing the district court's order which had denied Chicago Title's motion for summary judgment on its counterclaim in which Chicago Title had sought an order directing the Kirwans to reimburse it for attorney fees Chicago Title had incurred in defending First Trust in the South Dakota litigation. In its decision, the Court of Appeals required the Kirwans upon remand to reimburse Chicago Title for attorney fees Chicago Title had paid on behalf of First Trust. We agree with the Kirwans that the Court of Appeals erred in its decision reversing the decision of the district court on this issue.

In the district court, Chicago Title counterclaimed against the Kirwans for $10,795.43 for attorney fees that Chicago Title had paid in the defense of First Trust in the South Dakota litigation. The district court denied Chicago Title's motion for summary judgment on its counterclaim seeking reimbursement for those attorney fees. Chicago Title appealed to the Court of Appeals.

Relying on the mortgage between the Kirwans and First Trust, the Court of Appeals reversed the district court's order. The Court of Appeals determined that under the Kirwans' mortgage with First Trust, the Kirwans were obligated to defend an action against their title to the subject property at their own cost. Referring to the language of the mortgage, the Court of Appeals noted that First Trust, on the purchaser's behalf, " 'may . . . take any action that [First Trust] deems appropriate' " and the expenses of such action shall be paid by the purchaser. *Kirwan v. Chicago Title Ins. Co.*, 9 Neb. App. 372, 387, 612 N.W.2d 515, 527 (2000). The Court of Appeals concluded that when Chicago Title paid First Trust's attorney fees in the South Dakota litigation, it was doing so as a "volunteer" and held that under an equitable theory of subrogation, Chicago Title

" 'step[ped] into the shoes' of First Trust in terms of the right to recover the defense costs from the Kirwans." *Id.* at 388, 612 N.W.2d at 528.

We disagree with the Court of Appeals' conclusion in general and specifically on its reliance on the mortgage rather than the lender's title insurance policy in the resolution of this issue. Under the terms of the lender's title insurance policy issued by Chicago Title to First Trust, Chicago Title was obligated

> at its own cost . . . [to] provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured . . . as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy.

For the sake of completeness, we note that the lender's title insurance policy contains an exclusionary provision identical to subsection 3(b) contained in the Kirwans' title insurance policy and quoted above, but because there is no claim that First Trust had any prior knowledge of the Vanderwerfs' claim, the exclusionary provision is not at issue.

Under the "plain and ordinary meaning" of the lender's title insurance policy that Chicago Title issued to First Trust, Chicago Title was obligated to pay the cost of defending First Trust, a named defendant in the South Dakota litigation, in a claim adverse to the title of the subject property. See *Elrod v. General Cas. Co. of Wisconsin*, 566 N.W.2d 482 (S.D. 1997). Contrary to the inference from the opinion of the Court of Appeals in which it states that First Trust "can participate" in the South Dakota litigation, *Kirwan v. Chicago Title Ins. Co.*, 9 Neb. App. at 388, 612 N.W.2d at 527, as a named defendant in the South Dakota litigation, First Trust's appearance was not by choice. Because Chicago Title was contractually obligated to pay the defense costs of First Trust, Chicago Title was not a "volunteer." Accordingly, Chicago Title has no right to reimbursement for the attorney fees that it was contractually required to pay. The Court of Appeals erred in reversing the district court's order in this regard. Accordingly, upon further review, we reverse the Court of Appeals' decision and remand the cause to the Court of Appeals with directions to enter an order affirming the district court's denial of Chicago Title's motion for sum-

mary judgment on its counterclaim for reimbursement for those attorney fees Chicago Title paid on behalf of First Trust.

*Kirwans' Motion for Attorney Fees on Appeal.*

The Kirwans have moved for attorney fees both in connection with their appeal to the Court of Appeals and in connection with their petition for further review. Neb. Rev. Stat. § 44-359 (Reissue 1998) provides as follows:

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . against any company, person, or association doing business in this state, the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs. If such cause is appealed, the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings . . . .

This is a procedural statute, and accordingly, Nebraska law applies. See *Hawkeye Casualty Co. v. Stoker*, 154 Neb. 466, 48 N.W.2d 623 (1951).

Under the foregoing statute, attorney fees are "likewise allow[ed]" on appeal. We read "likewise" to refer to the terms by which attorney fees are allowed by the trial court. The trial court shall allow attorney fees to the beneficiary or other person entitled to bring an action on an insurance policy "upon rendering judgment against such" insurance-related defendant "in addition to the amount of his or her recovery." Thus, attorney fees are to be awarded "in addition to the amount of [the] recovery." Because the Kirwans were not successful on appeal in obtaining an "amount of . . . recovery," they are not entitled to attorney fees on appeal under § 44-359. See, generally, *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575 N.W.2d 143 (1998). The Kirwans' motion for attorney fees is denied.

## CONCLUSION

We conclude that the undisputed evidence before the district court on the cross-motions for summary judgment conclusively established that the Vanderwerfs' claim against the Kirwans'

property in South Dakota was excluded from coverage under the May 16, 1996, title insurance policy issued by Chicago Title to the Kirwans. Accordingly, Chicago Title was under no obligation to reimburse the Kirwans for attorney fees incurred in defense of the Vanderwerfs' claim in the South Dakota litigation. We affirm that portion of the Court of Appeals' decision which affirmed the district court's order denying the Kirwans' motion for summary judgment on its amended petition and granting Chicago Title's motion for summary judgment on the claims raised in the Kirwans' amended petition and dismissing the amended petition with prejudice.

We further conclude that under the terms of the lender's title insurance policy issued by Chicago Title to First Trust, Chicago Title was obligated to defend First Trust, a named defendant in the South Dakota litigation. Accordingly, we reverse that portion of the Court of Appeals' decision which reversed the district court's denial of Chicago Title's motion for summary judgment on its counterclaim in which it had sought reimbursement from the Kirwans for those attorney fees Chicago Title had paid on First Trust's behalf, and we remand the cause to the Court of Appeals with directions to enter an order affirming the district court's denial of Chicago Title's motion for summary judgment on this counterclaim.

As discussed above, we deny the Kirwans' motion for attorney fees under § 44-359.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

GERRARD, J., not participating.