**CREATIVE THINKING SOURCES, INC., Appellant,**

v.

**CREATIVE THINKING, INC., Appellee.**

**No. 13–00–744–CV.**

Court of Appeals of Texas, Corpus Christi.

March 28, 2002.

Rehearing Overruled May 2, 2002.

Andrew M. Greenwell, James R. Harris, Harris & Greenwell, Corpus Christi, for appellant.

Frederick J. McCutchon, Robert C. Wolter, Wood, Boykin & Wolter, Corpus Christi, James C. Zalewski, Demars, Gordon, Olson & Shively, Lincoln, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

VALDEZ, Chief Justice.

This is the second appeal of a take-nothing summary judgment in a case involving allegations of breach of fiduciary duty, breach of contract, and fraud. We reverse and remand.

### I.

#### Background

Bill Watson formed Creative Thinking, Inc., appellee, to create and sell software applications for banks and financial institutions. Watson asked his sister, Barbara Koch, to draft the instructions and manuals for his software programs. At his behest, Koch formed her own corporation, Creative Thinking Sources, Inc., appellant, to handle her portion of the venture. The business created by the two companies was successful; however, after some period of time, Watson and Koch's relationship deteriorated due to disagreements about the financial arrangements between the two companies. Appellant then sued appellee for, *inter alia*, declaratory judgment, breach of fiduciary duty, and various theories of liability premised on the existence of a partnership between the two entities.

The trial court granted a take-nothing summary judgment in favor of appellee. On appeal, this Court affirmed the sum-

mary judgment in part, and reversed and remanded appellant's remaining claims. *See Creative Thinking Sources, Inc. v. Creative Thinking, Inc.*, No. 13–98–00059–CV, 1999 Tex.App. LEXIS 5835 (Corpus Christi Aug. 5, 1999, no pet.)(not designated for publication). In its opinion, the Court found that, applying Nebraska law, there was not a partnership between the entities:

> We conclude that the trial court correctly granted summary judgment on the partnership claims. We overrule CTS's first seven issues on appeal.
>
> * * * * * *
>
> [B]ecause CTS's claims for declaratory judgment and breach of duty arising from a confidential or informal fiduciary relationship were alleged in the alternative and yet not addressed in CT's motion, the trial court erred in disposing of those claims. We sustain CTS's eighth issue.
>
> The remaining issues concerning alternate claims are not dispositive and we do not address them. See Tex.R.App. P. 47.1.
>
> We REVERSE the judgment of the trial court on CTS's claims for declaratory judgment, and breach of duty arising from a confidential or informal fiduciary relationship, and REMAND for trial on those claims. We affirm the remainder of the judgment against CTS on its claims based on the existence of a partnership with CT.

1999 Tex.App. LEXIS 5835, *11–12. The Court thus affirmed the judgment against appellant on its claims premised on the existence of a partnership with appellee. The Court reversed the judgment of the trial court on appellant's claims for declaratory judgment and breach of duty arising from a confidential or informal fiduciary relationship, and remanded for trial on those claims. *See id.*

Following remand, the appellee filed a "Motion to Confirm Remaining Causes of Action." According to the brief filed in support of this motion:

> It is Defendant's position that since the Court of Appeals decision is now the law of this case, the only issues remaining for further proceedings are (1) Plaintiff's claim for declaratory judgment, and (2) Plaintiff's claim for breach of a confidential or informal fiduciary relationship. Plaintiff may not re-allege any other causes of action that were stated in the Fourth Amended Petition, or which are in any way related to the partnership or fraud claims that were dismissed.

The trial court granted appellee's motion, and ordered that "the causes of action remaining before the Court are Plaintiff's suit for declaratory judgment and breach of informal fiduciary duty." Appellant then filed a Fifth Amended Petition adding new causes of action not based on the existence of a partnership, such as breach of contract and fraud. Appellee moved to strike this amended petition on grounds of res judicata and law of the case, and, after hearing, the trial court "confirmed" its earlier order delineating the two causes of action remaining, and granted appellee's motion to strike Plaintiff's Fifth Amended Petition. The trial court also granted a second take-nothing summary judgment against appellant on its two remaining claims. This appeal ensued.

Appellant raises fourteen issues on appeal: (1) did the trial court abuse its discretion in limiting the claims on remand, striking the plaintiff's pleadings, and in refusing to grant leave to amend the petition, which amendment sought to allege new theories, claims, and causes of action; (2) upon partial remand of a case, does the plaintiff have a right freely to amend his pleadings to include facts, claims, or causes

of action neither pleaded in a prior phase of the case or addressed on appeal; (3) does "law of the case" essentially foreclose the plaintiff from alleging new claims, causes of action, or theories of recovery not part of an earlier phase of litigation and not addressed on appeal; (4) does "law of the case" include a doctrine of "bar" or "merger" which bars the plaintiff upon remand from alleging facts, claims, causes of action, or theories of the case that could have been brought in the first trial, but were not, and were not treated by the court of appeals in its disposition of the first judgment; (5) did the defendant negate by conclusive evidence the existence of a confidential agreement; (6) is there some evidence of a confidential relationship so as to raise an issue of fact and preclude summary judgment; (7) did the defendant negate by conclusive evidence any claims to declaratory relief; (8) is there some evidence of a claim warranting declaratory relief; (9) did the trial court err in overruling the plaintiff's objections to the defendant's affidavit that the statements were conclusory; (10) is there some evidence of breach of contract; (11) is there some evidence of conversion; (12) is there some evidence of fraud; (13) did the trial court err in overruling the plaintiff's special exceptions to the defendant's motion for summary judgment; and (14) did the trial court abuse its discretion in overruling the plaintiff's motion for continuance on the defendant's "no evidence" motion for summary judgment.

## II.

### Law of the Case, Res Judicata, and New Causes of Action

Appellant's issues one through four and eleven through thirteen concern the amendment of pleadings. Essentially, appellant contends that the trial court erred in refusing to allow it to amend its pleadings following remand from this Court. In response, appellee argues that appellant's attempts to assert other claims were barred by this Court's opinion, res judicata, collateral estoppel, and law of the case.

As an initial matter, we must determine which forum's law to apply. The contract underlying the dispute between the parties recites that it is to be construed in accordance with Nebraska law, and the trial court so ordered. Appellant does not challenge the application of Nebraska law. Nevertheless, Texas law will govern procedural matters brought in Texas courts, even when applying another jurisdiction's substantive law. *See State of Cal. v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 230–31 (1958); *see Owens–Corning Fiberglas Corp. v. Martin,* 942 S.W.2d 712, 721 (Tex.App.-Dallas 1997, no writ); *cf. Mitchell v. Missouri–Kansas Texas R.R. Co.,* 786 S.W.2d 659, 661 (Tex.1990)(Texas law governs procedural matters when applying federal law).

Neither party has provided any authority regarding Nebraska law concerning the appellant's right to amend its pleadings, and we construe this issue as procedural in nature. Therefore, we will apply Texas law. *See* TEX. R. CIV. P. 63 (amendment of pleadings); *Monsanto Co. v. Davis,* 25 S.W.3d 773, 787 (Tex. App.-Waco 2000, pet. denied) (although Nebraska substantive law controls the res judicata effect of prior judgments, Texas procedural rules control how that effect is determined); *see also Owens–Corning Fiberglas Corp.,* 942 S.W.2d at 721 (construing rules enacted by Texas Supreme Court as procedural in nature).

When the court of appeals remands a case to the district court with instructions, that court's authority is limited to trying only those issues specified in the appellate court's mandate. *V–F Pet. v.*

*A.K. Guthrie Op. Co.,* 792 S.W.2d 508, 510 (Tex.App.-Austin 1990, no writ). However, in the instant case, this Court's opinion only addresses appellant's claims based on the existence of a partnership with appellee. Otherwise, the opinion and mandate neither expressly nor impliedly limit the issues to be heard on remand or affect the appellant's right to amend its pleadings.

■■■ The law is clear that, following remand, the parties may amend their pleadings. *Tower Contracting Co. v. Flores,* 157 Tex. 297, 302 S.W.2d 396, 400 (1957). When a case has been remanded, the cause is pending and amended pleadings may be filed pursuant to Texas Rule of Civil Procedure 63. *See* TEX. R. CIV. P. 63; *Sepulveda v. Krishnan,* 839 S.W.2d 132, 137 (Tex.App.-Corpus Christi 1992), *aff'd,* 916 S.W.2d 478 (Tex.1995). Moreover, contrary to appellee's argument, the doctrine allowing amendment applies both to the movant for summary judgment and the respondent. *See id.* In short, this Court's opinion and mandate did not prevent appellant from amending its pleadings to add new causes of action following remand.

■■■ Appellee argues that appellant's amendments were precluded by application of the "law of the case." The law of the case doctrine has been defined by the Texas Supreme Court as "that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). By narrowing the issues in successive stages of the litigation, the law of the case doctrine attempts to achieve uniformity of decision as well as judicial economy and efficiency. *Pitman v. Lightfoot,* 937 S.W.2d 496, 513 (Tex. App.-San Antonio 1996, no pet.); *Dessommes v. Dessommes,* 543 S.W.2d 165, 169 (Tex.Civ.App.-Texarkana 1976, writ ref'd n.r.e.). The doctrine is based on public policy and is aimed at putting an end to litigation. *Pitman,* 937 S.W.2d at 513.

■■■ The doctrine of law of the case applies only to questions of law and not to questions of fact. *Hudson,* 711 S.W.2d at 630; *Pitman,* 937 S.W.2d at 513. Moreover, the doctrine "does not necessarily apply when either the issues or the facts presented at successive appeals are not substantially the same as those involved on the first trial." *Hudson,* 711 S.W.2d at 630. "Thus, when in the second trial or proceeding, one or both of the parties amend their pleadings, it may be that the issues or facts have sufficiently changed so that the law of the case no longer applies." *Id.; see Med Ctr. Bank v. Fleetwood,* 854 S.W.2d 278, 283 n. 6 (Tex.App.-Austin 1993, writ denied) (inapplicability of law of the case is "especially likely" if the parties amend their pleadings after the cause is remanded).

■■■ The application of the doctrine is addressed to the discretion of the reviewing court. *Trevino v. Turcotte,* 564 S.W.2d 682, 685 (Tex.1978); *Tex. Employers' Ins. Ass. v. Borum,* 834 S.W.2d 395, 398 (Tex.App.-San Antonio 1992, no pet.). An appellate court may consider all issues properly before it, and make such rulings as it deems proper under the record in the case, irrespective of a prior opinion. *Med Ctr. Bank,* 854 S.W.2d at 283 n. 6.

■■■ In the instant case, the issues presented at this successive appeal are not substantially the same as those involved on the first trial. *Hudson,* 711 S.W.2d at 630. Appellant's amended petition brings causes of action for breach of contract, conversion, and fraud which are unrelated to the existence of a partnership. Thus, the issues have sufficiently changed so that the law of the case does not apply to these

causes of action, or any other causes of action that do not rest upon the existence of a partnership. *Id.; see Med Ctr. Bank*, 854 S.W.2d at 283.

▮ In contrast to law of the case, the doctrine of res judicata holds that a final judgment in an action bars the parties and their privies from bringing a second suit not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit. *Compania Financiara Libano v. Simmons*, 53 S.W.3d 365, 365 (Tex.2001). Issue preclusion, or collateral estoppel, prevents a party from re-litigating a particular fact issue the party already litigated and lost in an earlier suit. *Quinney Elec., Inc. v. Kondos Enter., Inc.*, 988 S.W.2d 212, 213 (Tex.1999).

▮ Application of res judicata and collateral estoppel is predicated on the existence of a final judgment in a separate lawsuit. In the instant case, the judgments entered by the trial court were not part of a separate lawsuit, therefore the doctrines of res judicata and collateral estoppel do not bar appellant's action.

We sustain appellant's first four issues regarding the effect of this Court's opinion and the amendment of pleadings on remand. Appellant's issues eleven through thirteen concern causes of action that the trial court mistakenly refused to allow appellant to bring in its amended petition, and we sustain these issues as well.

### III.

*Motion for Summary Judgment*

▮ Appellant's other issues on appeal generally concern the propriety of the summary judgment. The trial court granted appellee's motion for summary judgment on appellant's remaining causes of action, stating that "the court is of the opinion the summary judgment evidence shows the contract was earlier terminated, and the plaintiff has been paid what she was due." As an initial matter, we note that, even under Nebraska law, the standard of review to apply in a trial court's summary judgment and whether a party is entitled to summary judgment are matters of procedure controlled by the law of the forum. *Kirwan v. Chicago Title Ins.*, 261 Neb. 609, 617, 624 N.W.2d 644, 650 (2001).

### A.

*Fiduciary Duty*

In its fifth and sixth issues, appellant attacks the propriety of the summary judgment on its cause of action for breach of fiduciary duty. Koch claimed that Watson owed a fiduciary duty to her and breached it in various respects pertaining to their financial relationship and his use of her materials. In this regard, the evidence established that Watson and Koch were brother and sister, that Watson was an attorney who crafted the documentation regarding their relationship, that Watson controlled the establishment and development of the business created by their two companies, and that Watson handled the companies' finances.

▮ Under Nebraska law, the existence of a fiduciary duty and the scope of that duty are questions of law for a court to decide. *Am. Driver Serv., Inc. v. Truck Ins. Exch.*, 10 Neb.App. 318, 324, 631 N.W.2d 140, 145 (2001). A fiduciary duty arises out of a confidential relationship which exists when one party gains the confidence of the other and purports to act or advise with the other's interest in mind. *See id.*

▮ In reviewing a summary judgment, we resolve all doubts against the movant, and we view the evidence in the

light most favorable to the nonmovant. *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex. 2001). Additionally, in determining whether a disputed issue of material fact exists, we take as true evidence favorable to the nonmovant. *Id.* Applying these standards to the issue at hand, we conclude that appellant's evidence created a question of fact precluding summary judgment on the existence and breach of a fiduciary relationship. We sustain appellant's fifth and sixth issues.

B.

*Declaratory Judgment*

Appellant attacks the propriety of the summary judgment on its declaratory judgment action in its seventh and eighth points of error. Appellee makes various arguments about limitations on the availability of declaratory actions under Nebraska law, but appellee concedes Nebraska law is not controlling.

 As previously noted, the contract between the parties recites that it is to be construed in accordance with Nebraska law. However, because the Texas Declaratory Judgments Act is procedural in nature, its application is appropriate even when applying the substantive law of another jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993); *see, e.g., Hollander v. Capon,* 853 S.W.2d 723, 727 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (construing statutes of limitations as procedural in nature). Therefore, in analyzing the propriety of the summary judgment on the cause of action for declaratory judgment, the Court will apply Texas law. Parenthetically, Nebraska has also enacted a version of the Uniform Declaratory Judgments Act, and as noted by appellee, the law in the two jurisdictions is similar.

 Citing Nebraska law, appellee argues that appellant can neither use a motion for declaratory judgment as an appeal nor can it use it where the "harm [has] already occurred." Similarly, Texas law provides that a declaratory judgment is appropriate only if there is a justiciable controversy about the rights and status of the parties and the declaration would resolve the controversy. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995); TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001—37.011 (Vernon 1997). In the instant case, there is a justiciable controversy about the rights and status of the parties under the contract between the entities.

 Appellee next argues that declaratory relief is unavailable because appellant sought other legal remedies in its pleadings and because other causes of action were pending between the parties. A declaratory judgment proceeding is an additional and cumulative remedy and does not supplant any existing remedy, and the existence of another adequate remedy does not bar the right to maintain an action for declaratory judgment. *Crow v. City of Corpus Christi,* 146 Tex. 558, 209 S.W.2d 922, 924 (1948); *Kubosh v. City of Houston,* 2 S.W.3d 463, 471 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). It is true, that, as appellee argues, a declaratory judgment is not available to settle issues already pending before a court. *See BHP Petroleum Co., Inc. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990). However, this doctrine generally applies where there is another separate action or proceeding between the same parties in which the same issues could be adjudicated. *See, e.g., Tex. Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970). Appellee does not provide any argument or authority showing us that any excep-

tions to this rule are applicable in the instant case, and we find none.

Finally, appellee argues that there is no present justiciable issue remaining between the parties because appellant "has been paid what she was owed under the contract." As will be further discussed herein, appellant presented evidence in response to the motion for summary judgment that it was not paid monies due under the contract. We conclude that there is a justiciable controversy about the rights and status of the parties. Appellant's seventh and eighth issues are sustained.

## C.

### Objections to Summary Judgment Evidence

In its ninth issue, appellant argues that the trial court erred in overruling its objections to Watson's affidavit and ignoring contrary evidence. Watson's affidavit asserted that the agreement between the parties was terminated in 1995 and Koch was paid all monies due to her under the contract. By affidavit, Koch presented contrary testimony that she never agreed to terminate the contract and that she was not paid monies due under the contract. The contract itself provided that the consent of both parties was required for termination of the contract.

■ The admission or exclusion of summary judgment evidence rests in the sound discretion of the trial court. *Maldonado v. Frio Hosp. Ass'n*, 25 S.W.3d 274, 277 (Tex.App.-San Antonio 2000, no pet.). Appellant objected to Watson's affidavit on grounds that it was conclusory and testified as to an issue of law. However, testimony regarding the termination of the contract would be difficult to state in other than a conclusory fashion. *See Alamo Workforce Dev., Inc. v. Vann*, 21 S.W.3d

428, 433 (Tex.App.-San Antonio 2000, no pet.); *St. Paul Cos. v. Chevron USA, Inc.*, 798 S.W.2d 4, 7 (Tex.App.-Houston [1st Dist.] 1990, writ dism'd). Such statements constitute acceptable summary judgment proof. *Alamo Workforce Dev., Inc.*, 21 S.W.3d at 433; *St. Paul Cos.*, 798 S.W.2d at 7. Moreover, Koch's affidavit testimony regarding the termination of the contract is no less conclusory than Watson's. We conclude the trial court did not abuse its discretion in overruling appellant's objections. We do, however, find that appellant's summary judgment evidence directly contradicted the evidence provided by appellee concerning termination of the contract. Moreover, as conceded by appellee in its brief, "Plaintiff was paid even after the date of termination" of the contract. Appellant's evidence created a question of fact precluding summary judgment on the ground that the contract had been terminated. *Shah*, 67 S.W.3d at 842. We sustain appellant's ninth issue.

## D.

### Special Exceptions

■ In its thirteenth issue, appellant argues that the trial court erred in overruling its special exceptions to the motion for summary judgment. Essentially, appellant argues that the motion for summary judgment does not give "fair notice" that it is a no-evidence motion. The motion itself appears to be ambiguous, therefore, the Court will construe it as a traditional summary judgment. *See Michael v. Dyke*, 41 S.W.3d 746, 750–51 n. 3 (Tex. App.-Corpus Christi 2001, no pet.). Thus, we need not further address this issue. *See* TEX. R. APP. P. 47.1.

## E.

### Continuance

In its final issue, appellant argues that the trial court abused its discretion in

overruling its motion for continuance on the "no evidence" motion for summary judgment. In this matter, the case was remanded on August 5, 1999, and the court entered a new docket control order in January of 2000, setting the deadline for plaintiff's discovery for October of 2000. Appellee moved for summary judgment in July 2000. The trial court granted summary judgment on October 10, 2000.

Ordinarily, a no evidence summary judgment is restricted in that it cannot be granted prior to the passage of an "adequate time for discovery." TEX. R. CIV. P. 166a(i); *Clemons v. Citizens Med. Ctr.*, 54 S.W.3d 463, 466 (Tex.App.-Corpus Christi 2001, no pet.). Accordingly, appellee bore the burden of proving that a no evidence motion for summary judgment was not premature when filed before the deadline for the completion of discovery. *See* Tex.R. Civ. P. 166a(i). However, we do not further address this issue because, as previously determined, we are construing the motion for summary judgment as traditional. *See* Tex.R.App. P. 47.1.

### IV.

#### *Conclusion*

We reverse and remand this matter to the trial court for proceedings consistent with this opinion.