Opinion issued November 4, 2004 











In The
Court of Appeals
For The
First District of Texas




NO. 01-00-01054-CV




CHRISTOPHER SHAWN WOOD, INDIVIDUALLY AND AS NEXT
FRIEND OF SLADE ZACCHARIA WOOD, Appellant

V.

PHONOSCOPE, LTD.; PHONOSCOPE INC.; AND PHONOSCOPE
MANAGEMENT L.C., Appellees




On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 98-27716




SUPPLEMENTAL OPINION 
ON MOTION FOR REHEARING 
          Appellant, Christopher Shawn Wood, individually and as next friend of his
minor son, Slade Zacharia Wood, plaintiff in the court below (Wood), has filed a
motion for rehearing, which he amended timely, to challenge our memorandum
opinion issued on May 27, 2004. In his first point on rehearing, Wood argues that we
erred in our disposition of his appeal because we did not address his third point of
error, in which he asserted that the trial court erroneously permitted the jury to
consider whether Wood was contributorily negligent and, in addition, erroneously
denied Wood’s motion for judgment notwithstanding the verdict, in which he asked
that the trial court set aside the jury’s finding that Wood was 12 percent negligent. 
We deny rehearing, but issue this supplemental opinion to respond to Wood’s
contention that we erred in not addressing these issues.
          Our opinion explained that, although several appeals had been perfected, all
had been dismissed except Wood’s challenge to the pretrial summary judgment
rendered in favor of Phonsocope. Neither Phonoscope nor its codefendant RNC
Communications, Inc. (RNC), which had also prevailed on a pretrial motion for
summary judgment, was present at the trial, and no question or instruction pertaining
to either Phonoscope or RNC was submitted to the jury. As our opinion also noted,
Wood voluntarily dismissed, pursuant to settlement, his appeals against trial-defendants Blythe and Eason. 
          Although the partial summary judgment in favor of Phonoscope became final
and appealable when it merged with the final judgment entered by the trial court at
the conclusion of the trial on the merits against Blythe and Eason, we reviewed the
summary judgment based on “the record as it existed when the summary judgment
was signed” and were precluded from “consider[ing] evidence introduced thereafter.” 
See Pan Am. Petroleum Corp. v. Tex. Pac. Coal & Oil Co., 324 S.W.2d 200, 201
(Tex. 1959); State Farm Fire & Cas. Co. v. Griffin, 888 S.W.2d 150, 153 (Tex.
App.—Houston [1st Dist.] 1994, no writ). 
          When, as here, one party succeeded in its motion for summary judgment and
we conclude, on appeal, that the trial court committed reversible error by rendering
summary judgment in favor of that party, the proper disposition of the appeal is to
reverse the judgment and remand the cause for a trial on the merits. Jones v. Strauss,
745 S.W.2d 898, 900 (Tex. 1988); Hall v. Mockingbird AMC/Jeep, Inc., 592 S.W.2d
913, 914 (Tex. 1979); Duckett v. Board of Trustees, 832 S.W.2d 438, 440 (Tex.
App.—Houston [1st Dist.] 1992, writ denied); compare Holy Cross Church of God
in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Jones, 745 S.W.2d at 900 (noting
exception that applies in case of mutually opposing motions for summary judgment
and authorizes court of appeals to determine all questions presented and to render
judgment). 
          In our opinion of May 27, 2004, we reached the conclusion that the trial court
did not err by rendering summary judgment in favor of Phonoscope, except as to
Wood’s negligent-hiring claim. Accordingly, we reversed that portion of the trial
court’s final judgment and remanded the cause for trial of that issue. It is well-settled
that, as movant for summary judgment, Phonoscope was not required to assert every
theory on which it might recover or defend. See Hudson v. Wakefield, 711 S.W.2d
628, 630-31 (Tex. 1986). Under that same, settled law, our judgment reversing the
trial court’s summary judgment on Wood’s negligent-hiring claim returned both
Wood and Phonoscope to their pretrial posture as to that claim. See Hudson, 711
S.W.2d at 630-31. Because they are returned to their pretrial posture, Wood and
Phonoscope are free to add parties, amend their pleadings, or both, except as to those
claims on which we affirmed the summary judgment rendered in Phonsocope’s favor. 
See Hudson, 711 S.W.2d at 630-31; Creative Thinking Sources, Inc. v. Creative
Thinking, Inc., 74 S.W.3d 504, 510-11 (Tex. App.—Corpus Christi 2002, no pet.). 
          Our opinion of May 27, 2004 reached the following conclusion: Phonoscope
was entitled to prevail as a matter of law on all claims that Wood had alleged except
his negligent-hiring claim. Having reached only that legal conclusion, we decided
no other issue of law and no issues of fact as to Phonoscope, because these remain for
the trial on the merits against Phonoscope. See First Nat. Bank v. Sledge, 616 S.W.2d
954, 957 (Tex. Civ. App.—Fort Worth 1981), rev’d on other grounds, 653 S.W.2d
283 (Tex. 1983). Accordingly, we did not address Wood’s third point of error, in
which he contended that there was no evidence that he was contributorily negligent
and challenged the trial court’s rulings that (1) permitted the jury to determine this
issue and (2) denied Wood’s motion for judgment notwithstanding the verdict. 
          Moreover, Wood’s third point of error addressed a jury finding that attributed
a percentage of negligence to Wood, but only in comparison to the negligence of
Eason and Blythe—parties whom Wood has since voluntarily dismissed from his
appeal based on settlement—and not in comparison to any alleged negligence of
Phonoscope. 
          Wood acknowledges that he voluntarily dismissed his appeals against Eason
and Blythe, but contends that his “Report of Settlement Affecting Appeal and
Unopposed Motion to Dismiss Appeal in Part” (report of settlement and motion to
dismiss) preserved review of both the trial court’s submitting his contributory
negligence to the jury and the jury’s resolution of that issue. 
          Wood relies on the following language from his report of settlement and
motion to dismiss: 
Wood wishes to continue the appeal as it relates to Phonoscope, Ltd.[,]
however. In this connection, insofar as Phonoscope, Ltd. might claim
the benefit of the doctrine of issue preclusion on the amount of damages,
Phonoscope ought to be the real party in interest on the appellate point
regarding no evidence of any negligence on the part of Wood.

(Emphasis added.) In reporting that he had settled with and released his claims
against Blythe, Eason, and RNC, Wood stated that his appeals against those parties
“ought to be dismissed as moot, since all have been compromised and settled.” 
          Despite acknowledging again that he had settled with and released all parties
except Phonoscope, Wood nevertheless contends, in his motion for rehearing, that his
“appeal of the judgment to the extent that it reflected a deduction of his damages
because of a jury finding of contributory negligence is not moot.” Wood defends the
viability of these issues in his motion for rehearing by asserting, as in his report of
settlement and motion to dismiss, that Phonoscope “may claim that the issue of
damages has been adjudicated” and further asserts that Phonoscope may claim that
“the issue of Wood’s contributory negligence is now the law of the case.” (Emphasis
added.) 
          Wood’s motion for rehearing thus recognizes that our reversal as to
Phonoscope means that both he and Phonoscope return to their pretrial posture and
may assert new claims and defenses. See Pan Am. Corp., 325 S.W.2d at 201; Griffin,
888 S.W.2d at 153; Creative Thinking Sources, Inc., 74 S.W.3d at 510-11. More
importantly, Wood also concedes that Phonsocope’s asserting certain claims and
defenses are mere possibilities. 
          The dispositive issue, therefore, is not whether Wood’s contributory-negligence
findings are moot, but whether they are ripe. This Court properly exercises its
jurisdiction solely in cases of actual controversy. See Hallmark Personnel, Inc. v.
Franks, 562 S.W.2d 933, 935 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ.). 
Stated otherwise, we determine “presently existing disputes between parties in
relation to facts out of which controverted questions arise.” Greene v. Gregg, 520
S.W.2d 924, 926 (Tex. Civ. App.—Tyler 1975, no writ). Accordingly, we have no
authority to issue advisory opinions. McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d
227, 232 (Tex. 2001); see also Hallmark Personnel, Inc., 562 S.W.2d at 935. The
prohibition against advisory opinions encompasses controversies that are not ripe and
thus precludes premature adjudication on a hypothetical set of facts. McAllen Med.
Ctr, Inc., 66 S.W.3d at 232.
          Wood’s motion for rehearing asserts that we erred in not addressing the issue
of his contributory negligence, as determined in his trial against the since-released
parties, Eason and Blythe—a trial in which Phonoscope did not participate—on the
grounds that Phonoscope “may” or “might” assert contentions based on that
adjudication on remand. These issues are not yet ripe. See id. Accordingly, we lack
jurisdiction to address them. 
 

                                                         Conclusion
          We deny Wood’s amended motion for rehearing. 
 
                                                             Elsa Alcala
                                                             Justice


Panel consists of Chief Justice Radack and Justices Alcala and Higley.