■ AMOS J. BROWN et al., Respondents, v. ELMER J. SCHNEIDER, Appellant. (Action No. 1.) ARTHUR BROWN, Respondent, v. ELMER J. SCHNEIDER, Appellant, and AMOS J. BROWN, Respondent. (Action No. 2.) — GIBSON, P. J. Appeals by defendant Schneider (1) from a judgment of the Supreme Court entered in action No. 1 upon verdicts in favor of plaintiffs Amos J. Brown et al. for damages; (2) from a judgment of said court entered in action No. 2 upon a verdict in favor of plaintiff Arthur Brown for damages and in favor of defendant Amos J. Brown of no cause of action; and (3) from an order of said court in both actions which denied a motion for a mistrial made in the course of the trial and renewed thereafter. The actions are in negligence to recover damages for personal injuries, loss of services and property dam-

age sustained as the result of a collision between an automobile owned and operated by respondent Amos J. Brown, who is a coplaintiff in action No. 1 and a codefendant in action No. 2, and an automobile owned and operated by defendant Schneider. Appellant Schneider asserts prejudice arising out of counsel's remarks in opening to the jury upon the continuation of the trial of the causes of action of five plaintiffs in actions Nos. 1 and 2 after the claims of six of the plaintiffs in action No. 1 had been settled, this after the jury had been selected and sworn. It is undisputed that the attorneys concerned made it clear in the course of their *voir dire* examinations of the jurors that recovery was sought against Schneider on a claim of his negligent operation and could be had only on that basis. The verdict of the other operator, Amos J. Brown, against Schneider in action No. 1 and the verdicts in action No. 2 in favor of Arthur Brown against Schneider, for damages, and in favor of Schneider's codefendant Amos J. Brown of no cause of action, were, of course, predicated upon the jury's finding that Schneider alone was negligent. That the issue was close is reflected by the jurors' questions upon returning for further instructions, by the nonunanimous verdicts and, in all likelihood, by the small amount of Amos J. Brown's damage verdict, which the trial court promptly set aside as inadequate. When the jury returned, apparently after a long recess, as regards which the stenographic transcript is, as in a number of other respects, defective, the Trial Judge apparently announced to the jury that the cases of certain of the plaintiffs had been disposed of. Again, the record is deficient and we do not know the form of his announcement or the substance of any cautionary instructions he may have given the jury. (Cf. *Devine* v. *Keller*, 32 A D 2d 34, 36.) Had the matter ended there, we might agree with the trial court's conclusion that defendant Schneider's attorney's apparently voluntary election to proceed with the trial operated as a waiver of any objections; although it would doubtless have been better judgment to have directed that the remaining cases go over the term, in the interests of justice, absent an explicit consent and a stipulated formulation of an appropriate announcement and admonition to the jury. It appears, however, that subsequent to, and despite, the Trial Judge's announcement, however phrased, the attorney for plaintiff Amos J. Brown in opening to the jury gratuitously stated, either that the cases in question had been "disposed of", as he, himself, asserts, or that they had been "settled", as appellant contends. As to the precise words employed, the record is silent and the Trial Judge stated that he did not remember how counsel phrased his statement. The difference is relatively unimportant, however, as we do not believe that these jurors, who, we are told, had sat in the courtroom since the beginning of the term, at which this was the last case tried, were so unsophisticated and naive as not to infer that the cases of the infant passengers and their mother stated to have been "disposed of" were disposed of by payment. That payment implied liability would not be an unusual or unnatural conclusion for lay persons to draw. That, in such case, prejudice would ensue cannot be gainsaid. The policy of our law to promote settlements and to encourage and protect the settlors against prejudicial and premature disclosure is too well recognized to require discussion. The attorney's comments, viewed in the most favorable light, and the court's rulings thereon did violence to those principles. It is urged on behalf of Amos J. Brown, as a defendant in action No. 2, that by reason of the failure of the plaintiff in that action to take any appeal there can be no reversal and retrial of the issue as between them. This argument overlooks the fact that the denial of the motion for a mistrial, and the ensuing prejudice, preceded, and, as we have found, precluded the determination of liability; but, in any event, the

stipulated record contains no indication that a judgment in favor of Amos J. Brown has been entered upon the verdict of no cause of action. Judgments and order reversed, on the law and the facts and in the interests of justice, motion granted, and a new trial ordered, with costs to abide the event. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Gibson, P. J. Greenblott, J., dissents and votes to affirm in the following memorandum: GREENBLOTT, J. (dissenting). The judgments and order should be affirmed. The appellant Schneider waived his right to a mistrial when he failed to object to the continuation of the trial after the settlements were made and elected to proceed with the trial. Appellant's attorney was one of those counsel involved in the settlement negotiations and had ample opportunity to discuss with the court the manner in which the court should inform the jury as to the disposition of the infants' cases. This he failed to do. He further failed to object when the court made a statement to the jury that six cases "had been disposed of and were not before this jury for its consideration". In the posture of the case at that stage of the trial, the statement of the court that six plaintiffs' cases of a total of 11 plaintiffs' cases being tried together were disposed of, was not prejudicial and did not deprive the defendant of a fair trial. Defense counsel also failed to make timely objection to the alleged statement of counsel for plaintiff Amos J. Brown at the time when such statement was made so as to enable the stenographer to record the statement for subsequent appellate review. It would have been a simple matter for the stenographer to record the alleged improper statement, for if the statements are not in the record, the appellate court cannot review them on appeal (*Devine* v. *Keller,* 32 A D 2d 34). In the interests of justice, the judgments and order of the trial court should be affirmed. I am in favor of the majority statement that in such cases the remaining cases should go over the term "absent an explicit consent and a stipulated formulation of an appropriate announcement and admonition to the jury", providing such rule would be applicable only in future cases.