■ MAPLE LEAF MOTOR LODGE, INC., Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—Judgment unanimously reversed, on the law and facts, and new trial granted unless plaintiff stipulates to reduce the verdict to the sum of $92,881.44, in which event the judgment is modified accordingly and as modified affirmed, without costs. Memorandum: Defendant, Allstate Insurance Company, appeals from a judgment entered on a verdict in the sum of $100,000 plus interest and costs in favor of plaintiff for loss of business profits by reason of a fire. Plaintiff operated a motel and restaurant, and defendant wrote business interruption insurance thereon as well as regular fire insurance. Plaintiff's claim for direct fire damage has been settled with defendant; and we are here concerned only with plaintiff's claim for business interruption loss. The fire occurred on the early morning of March 13, 1974, causing such severe damage that plaintiff claims that it was unable to make necessary repairs and resume business "as usual" until

July 15, 1974. After a two-week trial of the issues the jury rendered its verdict for plaintiff for the full coverage of defendant's insurance policy. Defendant contends that (1) plaintiff's business was not necessarily interrupted for the entire period to July 15 and that the verdict is excessive in that the evidence does not support the award as made; (2) the court erred in admitting testimony of plaintiff's witness about statements made to him by defendant's representative, which defendant claims were made as part of settlement discussions; and that the court failed to instruct the jury to relate general rules of law to the facts in the case and (3) the court erred in allowing plaintiff's counsel (a) in its cross-examination of defendant's expert witness to attack his competence and credibility · by showing that the business with which he had been associated had become bankrupt and (b) in his summation to the jury to arouse prejudice in the jury against defendant insurance company by referring to defendant's television advertising, to wit, "You are in safe hands with Allstate", counsel implying that defendant did not live up to its advertising promises. The record shows that the length of time that plaintiff's business was interrupted by the fire and the necessary repairs were questions of fact for the jury, and they determined those issues in favor of plaintiff. The same is true with respect to the evidence of estimated business loss during the period to July 15, and whether estimated sales taxes should have been subtracted from estimated gross receipts during the period, and the effect thereof. The record also shows, however, that in computing its loss, plaintiff violated a provision in the insurance policy that "charges and expenses which do not necessarily continue during the interruption of business" be subtracted from claimed lost earnings. Plaintiff's accountant erroneously averaged the net reduction of expenses in 1974 against those of the previous year, that is, over a 365 day period ($19.40 per day), rather than specifying noncontinuing expenses for the 124-day period of business interruption, to wit, March 13, 1974 to July 15, 1974 (including the first day because the fire was on that morning and excluding the last day because plaintiff resumed business that day). The record contains compelling evidence that, at least, the following specific expenses were not continued during the period, to wit, payroll—$18,620; payroll taxes —$1,620; entertainment—$4,200, totaling $24,440 and amounting to about $197.00 per day as opposed to plaintiff's figure of $19.40 per day for the interruption period. The witnesses reduced the figures to the per day basis to insure compliance with the terms of the insurance coverage which was limited to $33,333 per month. Since the net losses did not exceed such monthly amount we need not use the per day figures. Plaintiff's claimed loss of profits before deducting noncontinuing expenses was shown to be the sum of $117,321.44. Deducting therefrom the noncontinuing expenses in the amount of $24,440 leaves a loss of profit in the sum of $92,881.44 which is the amount that the jury could properly have awarded to plaintiff. There is no merit to defendant's claim that the court erred in receiving testimony of defendant's admissions concerning the amount of plaintiff's loss. The admissions made by defendant's representative were not made in the course of settlement negotiations; and there was no stipulation that the statements would not be used (*White v Old Dominion S.S. Co.*, 102 NY 660, 661, 662; *Armour v Gaffey*, 30 App Div 121, 129–130, affd 165 NY 630; *Green v Le Beau*, 281 App Div 836; *White v Empire Mut. Ins. Co.*, 59 Misc 2d 527, 529–530). Defendant has no standing to object to the charge, because it took no exception thereto. We find no reason on this point to reverse in the interest of justice. Defendant is correct in its contention that the court erred in permitting plaintiff's counsel in summation, over defendant's objection, to

comment on defendant's television advertising slogan "You are in safe hands with Allstate", impugning defendant's business ethics and good faith. Neither the propriety of defendant's advertising slogan nor its good faith was relevant to the issues in the case. This prejudicial argument may have influenced the jury not only on the question of defendant's liability, which was not seriously disputed, but also upon the amount of the verdict. If, however, $24,440 noncontinuing expenses are deducted as above suggested, the excessiveness in the verdict will be eliminated, and the error in receiving the argument about defendant's television slogan will be rendered harmless. Accordingly, the judgment should be reversed and a new trial granted, unless plaintiff stipulates, within 10 days, to reduce the verdict to the sum of $92,881.44 plus interest and costs. If plaintiff does so stipulate, the judgment should be modified accordingly and as modified affirmed. (Appeal from judgment of Erie Supreme Court—insurance policy.) Present— Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.