BIGELOW-SANFORD, INC., Respondent, v SPECIALIZED COM-
MERCIAL FLOORS OF ROCHESTER, INC., Formerly
Known as GARY EIDLIN CARPETING, INCORPORATED,
Appellant.

Fourth Department, December 12, 1980

### APPEARANCES OF COUNSEL

*Michael W. Malarney* for appellant.

*Robinson, Williams & Angeloff (Henry W. Williams* of
counsel), for respondent.

### OPINION OF THE COURT

WITMER, J.

The principal question on this appeal is whether the fact
that during the pendency of this action the plaintiff settled
a companion action, involving a claim against the plaintiff
arising out of the subject matter underlying this action, was
properly excluded from evidence on the trial herein. We
hold that it was.

Plaintiff is a manufacturer of carpeting. Defendant was
low bidder for a contract to install carpeting in a new
building owned by the Jewish Community Center (JCC),
and it bought the carpeting therefor from plaintiff. Plain-
tiff warranted the carpeting to JCC. Soon after defendant
installed the carpeting for JCC, varying colors began to
appear in it; and JCC demanded its correction. Defendant

claimed that it was plaintiff's fault, but plaintiff claimed that it was the fault of defendant in the way the carpeting was installed.

Failing to secure satisfaction, JCC sued plaintiff herein for breach of warranty. Plaintiff then sued defendant for the balance due on the purchase price of the carpeting; and defendant counterclaimed for damages to its reputation by reason of the adverse publicity which it received, growing out of its carpet installation for JCC. The two actions were consolidated for trial. Upon reaching trial, plaintiff with court approval, settled with JCC by delivering a quantity of new carpeting, duly warranted, to JCC, and JCC released plaintiff and discontinued its action against this plaintiff therein. The stipulation of settlement contained no admission with respect to the carpeting originally installed in the JCC building.

The action of plaintiff against defendant continued. After plaintiff completed its proof, defendant sought to offer into evidence the fact that plaintiff had settled with JCC and the terms of the settlement. The trial court ruled that such evidence would prejudice a fair trial for plaintiff and was inadmissible. The jury rendered a verdict in favor of plaintiff on its action for the balance due, and a verdict against defendant of no cause for action on its counterclaim.

"It is well and long settled that an offer of compromise, *which contains no express admission of fact,* is not admissible in evidence against the maker, especially after suit is brought" *(Union Bank of Brooklyn v Deshel,* 139 App Div 217, 219; emphasis added). "[N]o advantage can be taken of offers made by way of compromise * * * a party may, with impunity, attempt to buy his peace" *(Tennant v Dudley,* 144 NY 504, 507). This rule "is founded upon public policy, and with a view of encouraging and facilitating the settlement of legal controversies by compromise, which object is supposed to be obstructed by the fear entertained by litigants that such a negotiation may be converted into a trap to inveigle the unwary into hazardous admissions. The law, therefore, excludes such admissions as appear to have been made tentatively or hypothetically, but admits those only which concede the existence of a fact" *(White v Old*

*Dominion S.S. Co.*, 102 NY 661, 662; see, also, *Smith v Satterlee*, 130 NY 677; *Case Press v Kennai Drilling*, 55 AD2d 590; *Brown v Schneider*, 32 AD2d 712, lv to app dsmd 25 NY2d 903).

"On the same theory on which offers of compromise between the parties are excluded, a plaintiff is not allowed to prove a settlement by the defendant, in another law suit, with another person who asserted a cause of action arising out of the same transaction which is the foundation of the plaintiff's claim" (Richardson, Evidence [Prince, 10th ed], § 225, pp 201-202). Thus, absent any expressed admission of fact, the compromise between the defendant and a third party is subject to the exclusionary rule above stated (see *Gilliam v Lee*, 32 AD2d 1058; *Roach v County of Albany*, 31 AD2d 681; *Schenker v Bourne*, 278 App Div 699; *Goldstein v Albany Yellow Cab Co.*, 249 App Div 701; *Cochrane v Fahey*, 245 App Div 41). In such situations it remains "the universal practice of courts to look favorably upon the compromise or settlement of personal disagreements * * * It is often found an advantage to a party, if not to his adversary as well, to compose such differences without resort to the courts * * * Thus a compromise or a settlement may not be regarded as evidence of * * * liability, or as an admission" *(Woodland v Cote*, 252 App Div 254, 255-256).

Because the stipulation of settlement between plaintiff and JCC contained no admission of fact, it was not admissible against the plaintiff in this action.

Defendant contends that although no express admission was contained in the stipulation of settlement, an implied admission resulted from the fact of the settlement. The cases relied upon by defendant do not support that proposition but hold that where the offer to compromise is unconditional *(Brice v Bauer*, 108 NY 428) and not made to compromise an action "but [is] a tacit avowal of fault" *(Grogan v Dooley*, 211 NY 30, 32; see *Maple Leaf Motor Lodge v Allstate Ins. Co.*, 53 AD2d 1045; *White v Empire Mut. Ins. Co.*, 59 Misc 2d 527), it is admissible in evidence.

In the instant case, the settlement was made to compromise a pending lawsuit, and it would be improper to permit a jury to speculate that the settlement was made as an

acknowledgment that the carpeting was defective. This is especially so because plaintiff had steadfastly claimed that there was no defect in the carpeting and that the fault that JCC found in the carpeting was caused by the manner in which defendant laid it.

We find no error with respect to the refusal to charge on the subject of implied warranty.

The judgment should, therefore, be affirmed.

CARDAMONE, J. P., SIMONS, SCHNEPP and DOERR, JJ., concur.

Judgment unanimously affirmed, with costs.