ELDON L. BAKER, APPELLANT AND CROSS-APPELLEE, V.
BLUE RIDGE INSURANCE COMPANY, A CORPORATION,
APPELLEE AND CROSS-APPELLANT.
337 N.W.2d 411

Filed August 5, 1983. No. 82-462.

Andrew J. McMullen of McMullen & Lowe, for appellant.

Teresa K. Luther and David H. Hahn of Knapp, Mues, Anderson & Beavers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

SHANAHAN, J.

Eldon L. Baker sued his insurance company, Blue Ridge Insurance Company, on a policy covering hail damage to Baker's corn crop. A jury returned a verdict in favor of Baker in the amount of $16,800. Baker appeals from the District Court's denial of a new trial. We reverse the judgment of the District Court and remand for a new trial.

The policy issued to Baker contains a formula or method for determining the amount payable for a loss, namely: "LOSS PAYMENT. a. The amount payable per acre shall be the limit of insurance applying on the date of the loss multiplied by the percentage the crop yield is reduced because of the loss. However, the amount payable may not exceed the actual cash value of the portion of the crop destroyed by perils insured against. b. If a crop loss

is also covered by other insurance, we will pay only the proportion of the loss that our limit of insurance bears to the total amount of insurance, except that no Federal Crop Insurance policy shall be prorated with this policy."

At trial Blue Ridge called one of its adjusters, a Dale Ingram, to testify regarding the crop loss on Baker's farm. Ingram testified about hail damage sustained by a neighbor in a cornfield adjacent to Baker's field. The same hailstorms which damaged Baker's fields damaged the fields of the neighbor. Ingram was asked about the neighbor's loss: "Do you remember what percent due to loss you came up with?" to which, over objection of Baker's attorney, the adjuster responded that a "final adjustment was . . . at 16%." This answer was then followed by "Q And that loss was settled? A Yes, it was."

Later in the trial, Baker called Tim Vonderfecht, who testified about the crop loss sustained by Baker on account of hail. Vonderfecht was manager of the local ASCS office in Sherman County. On cross-examination Vonderfecht was asked about Baker's claim for federal crop insurance on fields insured by Blue Ridge for hail damage. When the various aspects of Baker's claim for federal crop insurance had been explored, counsel for Blue Ridge then asked: "What was the dollar figure that you paid Mr. Baker for his losses?" There was an objection by Baker's counsel, which was overruled, and Vonderfecht proceeded to answer: "On the one farm was $1,418.36. The other was $18,169.20."

In his appeal Baker assigns as error the admission of evidence concerning the settlement with Baker's neighbor and the amounts for which Baker settled his claim under federal crop insurance. Such assignments of error are based upon Neb. Rev. Stat. § 27-408 (Reissue 1979): "Rule 408. Compromise and offers to compromise. Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valu-

able consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. . . .''

Various reasons have been suggested for excluding evidence regarding compromise of a claim. First, there is the theory that such evidence is irrelevant because the transaction is motivated by a desire for peace rather than from the strength or weakness of a claim. Second, there is a public policy consideration favoring compromise of disputes. Consequently, evidence of negotiations and compromise or settlement of a claim is inadmissible. See, *United States v. Contra Costa County Water Dist.*, 678 F.2d 90 (9th Cir. 1982); *Fidelity & Deposit Co. of Md. v. Hudson United Bank*, 493 F. Supp. 434 (D. N.J. 1980). "Settlements are favored because they reduce judicial backlog and bring disputes to a prompt conclusion." *Hatfield v. Max Rouse & Sons Northwest*, 100 Idaho 840, 846, 606 P.2d 944, 950 (1980). As expressed in *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976): "With today's burgeoning dockets and the absolute impossibility of Courts ever beginning to think that they might even be able to hear every case, the cause of justice is advanced by settlement compromises sheparded [sic] by competent counsel, whose experience as advocates makes them reliable predictors of litigation were it pursued to the bitter end." Offers to compromise or settlement of a claim between the parties is inadmissible. This exclusion extends to settlements, negotiations, and offers to compromise made by either of the parties with or to third persons concerning a cause of action relative to the same transaction or same subject matter involved in the litigation at hand. See *Bigelow v. Spec Comm Floors*, 77 A.D.2d 464, 433 N.Y.S.2d 931 (1980).

The harm to be avoided by exclusion of evidence

regarding a compromise was described in *Hawthorne v. Eckerson Co.*, 77 F.2d 844, 847 (2d Cir. 1935): " 'The rule against allowing evidence of compromise is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom * * * in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence.'

. . . .

"Settlements have always been looked on with favor, and courts have deemed it against public policy to subject a person who has compromised a claim to the hazard of having a settlement proved in a subsequent lawsuit . . . arising out of the same transaction. [Citation omitted.]"

In the present case the percentage of reduction in the crop yield is an essential element in the proof of Baker's claim. Evidence of a percentage used to settle a neighbor's claim was inadmissible to establish the corresponding element of Baker's claim or to invalidate any proof offered by Baker regarding that aspect of his claim. The amount of the settlement of Baker's claim for federal crop insurance can only have been injected into the lawsuit for an invidious innuendo that Baker had already been paid enough for hail damage to his crops.

The evidence concerning the settlements was inadmissible, and it was error to place such evidence before the jury.

Blue Ridge has cross-appealed and claims error because the trial court did not direct a verdict in favor of Blue Ridge at the conclusion of Baker's case in chief. A defendant who moves for a directed verdict at the close of the plaintiff's evidence and, upon the overruling of such motion, proceeds with trial and introduces evidence waives any error in the ruling on the motion for directed verdict. *Boardman v. McNeff*, 177 Neb. 534, 129 N.W.2d 457 (1964). Blue Ridge introduced evidence after the denial of its motion for a directed verdict. Therefore, there is no

question before the court regarding Blue Ridge's motion for directed verdict.

On account of the errors regarding inadmissible evidence, the judgment of the District Court is reversed and this matter is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.