FARM BUREAU INSURANCE COMPANY OF NEBRASKA,
APPELLANT, V. JUSTIN MARTINSEN ET AL., APPELLEES.
659 N.W.2d 823

Filed April 18, 2003.   No. S-02-563.

Gary J. Nedved, of Keating, O'Gara, Davis & Nedved, P.C., L.L.O., for appellant.

Dale A. Romatzke and Vikki S. Stamm, of Ross, Schroeder & Romatzke, for appellees Diane Brundage and Paul Budzinski.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

The appellant, Farm Bureau Insurance Company of Nebraska (Farm Bureau), brought this declaratory judgment action in the district court for Hall County to determine the rights and liabilities of the parties under an automobile policy issued by Farm Bureau. The following individuals were named as defendants: Justin J. Martinsen; Andrew Martinsen; Laura Martinsen; Diane Brundage, individually and as personal representative of the estate of Jeffrey D. Budzinski; and Paul Budzinski (collectively the Appellees). At issue is whether Farm Bureau is liable for

certain claims of Paul Budzinski and Diane Brundage (collectively the Budzinskis) for negligent infliction of emotional distress suffered in connection with an automobile accident in which their son, Jeffrey Budzinski (Jeffrey), was killed. The district court concluded that Farm Bureau was liable up to the $500,000 per-occurrence limits of the policy. Farm Bureau appeals. We reverse.

## STATEMENT OF FACTS

On September 28, 1997, Justin Martinsen was driving an automobile insured by Farm Bureau when he struck Jeffrey, who was walking along the shoulder of U.S. Highway 281 in Howard County, Nebraska. Jeffrey was injured and later died from his injuries. Jeffrey's parents, the Budzinskis, filed a wrongful death action in the district court for Howard County against Justin Martinsen and against his father, Andrew Martinsen, as the owner of the automobile. The automobile was insured under the Farm Bureau policy at issue. The policy generally provided for bodily injury liability limits of $300,000 per person and $500,000 per occurrence. The Budzinskis' petition included a claim for recovery of medical expenses incurred by Jeffrey as a result of his injuries as well as claims for negligent infliction of emotional distress suffered by each of the Budzinskis.

A settlement was reached providing for $300,000 for the medical expenses incurred by Jeffrey and for $100,000 to each of the Budzinskis in connection with their claims for emotional distress. Justin Martinsen and Andrew Martinsen confessed judgment for the $200,000 total amount for the Budzinskis' claims of emotional distress. The settlement agreement indicates that the Budzinskis agreed that their sole recourse in collecting the $200,000 would be against Farm Bureau and that they would forbear collecting the $200,000 from Justin Martinsen and Andrew Martinsen.

On January 22, 1999, Farm Bureau filed the instant declaratory judgment action to determine the extent of its liability under the terms of its automobile insurance policy issued to Andrew and Laura Martinsen. The issue in this case is whether Farm Bureau, having paid the $300,000 per-person bodily injury limit, is further liable up to the $500,000 per-occurrence limit.

The policy contained the following language:

> The amount shown in the Declarations for Coverage A, **Bodily Injury**, "per person" is the maximum amount *we* will pay for all damages for **bodily injury** sustained by any one person in any one **automobile accident**. Subject to this "per person" limit, the amount shown in the Declarations for Coverage A, **Bodily Injury** "per occurrence" is the maximum amount *we* will pay for all damages for **bodily injury** resulting from any one **automobile accident**.

The policy also provided, "**Bodily Injury** means injury to a person's body and includes sickness, disease or death which results from it."

Farm Bureau argued that there was only one bodily injury due to this "one automobile accident" and that the Budzinskis' claims of emotional distress were entirely dependent upon and derivative of the bodily injury to Jeffrey. Farm Bureau asserted that the extent of its liability in connection with the Budzinskis' case was the $300,000 per-person limit and that such liability had been satisfied because it had paid the $300,000 settlement for Jeffrey's medical expenses. Farm Bureau asserted that because the Budzinskis' claims were entirely dependent upon the bodily injury to Jeffrey, their claims were subject to the single $300,000 per-person limit which had been exhausted.

The Appellees asserted that Farm Bureau was liable up to the $500,000 per-occurrence limit. The Appellees argued that the Budzinskis' claims of emotional distress were direct and separate claims resulting from injuries they personally suffered and that damages for their claims should not be considered derivative of Jeffrey's bodily injury, but should be limited only by the $500,000 per-occurrence policy limit.

The case was tried on a stipulated set of facts. Paragraph 10 of the "Stipulation of Fact" reads as follows:

> The plaintiff alleges that the maximum amount payable under its policy of insurance is the bodily injury limit of $300,000.00 per person which it paid to the Estate of Jeffrey D. Budzinski in exchange for a full and complete release for wrongful death and medical expenses. Paul Budzinski and Diane Brundage claim that the plaintiff is obligated to pay the entire policy limits of $500,000.00 and

satisfy the judgment for the emotional distress damages as set forth in the second cause of action in the petition filed in the District Court of Howard County and which provides as follows: "As a direct and proximate result of the negligence of the defendant, Justin J. Martinsen, plaintiffs' minor son was seriously injured; plaintiffs had an intimate familial relationship with their minor son and as a result of the serious injuries to their minor son, plaintiffs have suffered severe emotional distress such that no person could be expected to endure it."

On May 3, 2002, the district court entered an order declaring that Farm Bureau was liable up to the " 'per occurrence' " policy limit of $500,000. The district court determined that the Budzinskis had suffered "bodily injury" as that term was defined in the policy and that the Budzinskis' injuries were not derivative of Jeffrey's bodily injury. The court relied on *James v. Lieb*, 221 Neb. 47, 375 N.W.2d 109 (1985). The court reasoned that compensation was available because *James* recognized a tort claim for " 'bystanders' " who suffered negligent infliction of emotional distress upon a showing of marital or intimate familial relationship with a victim who has been killed or seriously injured as a result of the negligence of another, even though such claimant had neither witnessed the incident nor exhibited a physical manifestation associated with emotional distress. The district court concluded that *James* recognized a distinct tort cause of action for separate and actual emotional injury to a claimant and that, therefore, such emotional injury was a " 'sickness' " within the meaning of "bodily injury" under the policy and not derivative of injuries to the victim. Farm Bureau appeals.

## ASSIGNMENTS OF ERROR

Farm Bureau asserts generally that the district court erred in determining that Farm Bureau was liable for the Budzinskis' emotional distress damages up to the policy's $500,000 per-occurrence limit and asserts specifically that the district court erred in concluding (1) that the emotional injury suffered by the Budzinskis was "bodily injury" within the meaning of the policy and (2) that the Budzinskis' emotional distress claims were not derivative of Jeffrey's injuries.

## STANDARD OF REVIEW

■ The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002).

## ANALYSIS

At issue in this case is whether under the stipulated facts and the policy of insurance issued by Farm Bureau, the amount payable under the policy is the bodily injury per-person limit of $300,000 or the entire per-occurrence policy limit of $500,000. The district court declared that Farm Bureau was liable up to the $500,000 per-occurrence limit of the policy. Farm Bureau claims that the district court erred. We agree with Farm Bureau.

■ An insurance policy is a contract. *American Fam. Mut. Ins. Co., supra*; *Callahan v. Washington Nat. Ins. Co.*, 259 Neb. 145, 608 N.W.2d 592 (2000). An insurance contract is to be construed as any other contract to give effect to the parties' intentions at the time the contract was made. *American Fam. Mut. Ins. Co., supra*; *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997). When the terms of a contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them. *American Fam. Mut. Ins. Co., supra*; *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001). While an ambiguous insurance policy will be construed in favor of the insured, ambiguity will not be read into policy language which is plain and unambiguous in order to construe against the preparer of the contract. *American Fam. Mut. Ins. Co., supra*; *Tighe v. Combined Ins. Co. of America*, 261 Neb. 993, 628 N.W.2d 670 (2001).

With regard to the issues in this case, the policy issued by Farm Bureau to Andrew and Laura Martinsen provides:

> The amount shown in the Declarations for Coverage A, **Bodily Injury**, "per person" is the maximum amount *we* will pay for all damages for **bodily injury** sustained by any one person in any one **automobile accident**. Subject to this

"per person" limit, the amount shown in the Declarations for Coverage A, **Bodily Injury**, "per occurrence" is the maximum amount *we* will pay for all damages for **bodily injury** resulting from any one **automobile accident.**

The policy defines "bodily injury" as "injury to a person's body and includes sickness, disease or death which results from it." Giving the definition of "bodily injury" its plain and ordinary meaning, we conclude that the definition requires an injury to the body, and we further conclude that under the policy, a "bodily injury" that could give rise to a separate per-person claim must be a physical, as opposed to a purely emotional, injury.

We have held that where coverage is denied, the burden of proving coverage under a policy is upon the insured. *Coppi v. West Am. Ins. Co.*, 247 Neb. 1, 524 N.W.2d 804 (1994); *Swedberg v. Battle Creek Mut. Ins. Co.*, 218 Neb. 447, 356 N.W.2d 456 (1984). In this case, Farm Bureau has effectively alleged a denial of coverage because it alleges in this declaratory judgment action that it is not liable for the additional $200,000 related to the Budzinskis' damages for emotional distress. Therefore, the Appellees had the burden to prove coverage under the policy.

According to the stipulated facts, with regard to their claims of negligent infliction of emotional distress, the Budzinskis asserted in their petition filed in the district court for Howard County against Justin Martinsen and Andrew Martinsen that they had "suffered severe emotional distress such that no person could be expected to endure it." The record also shows that Justin Martinsen and Andrew Martinsen confessed judgment for damages of $200,000 for the emotional distress alleged in the Budzinskis' petition. Given the stipulated facts, the record establishes only that the Budzinskis suffered severe emotional distress. Notably, there is no allegation or fact in the record that the effects of the emotional distress included physical injury to their bodies, and none will be implied. See, e.g., *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 826 (Tex. 1997) ("[o]ur conclusion that a claim for physical manifestations of mental anguish is not implicitly raised by a pleading of mental anguish is . . . in accord with several other jurisdictions that have addressed this specific issue"); *Garvis v. Employers Mut. Cas. Co.*, 497 N.W.2d 254 (Minn. 1993) (concluding insurer not

required to assume there were physical manifestations when none were alleged).

We recognize that in Nebraska, evidence of concurrent physical injury is not required to prove a claim of negligent infliction of emotional distress. *James v. Lieb*, 221 Neb. 47, 375 N.W.2d 109 (1985). That Nebraska tort law allows for recovery for emotional distress unaccompanied by physical manifestations does not mean that an insurance policy definition of "bodily injury" necessarily encompasses purely emotional injuries, and in this case, it does not. The Budzinskis' assertion of emotional distress and the confession of judgment of Justin Martinsen and Andrew Martinsen thereto fail to establish that the Budzinskis suffered the concurrent physical injury necessary to meet the policy's definition of "bodily injury." Thus, although Justin Martinsen and Andrew Martinsen confessed judgment to the Budzinskis' allegations of negligent infliction of emotional distress, and we, therefore, assume that the Budzinskis' emotional distress was severe enough to recover for their emotional distress, such assumption of severity does not necessarily imply that the Budzinskis received a "bodily injury" as we have interpreted "bodily injury" under the policy. In this regard, we note that our overall analysis is in accord with other jurisdictions, and it has been observed:

> Survivors who were not eyewitnesses to the accident have not been successful in persuading the courts that their actions for mental distress should be viewed as independent and separate bodily injury claims entitling them to be covered under "each person" liability limits provisions separate from the claim for bodily injury applicable to the deceased.

3 Irvin E. Schermer, Automobile Liability Insurance § 44.03[3] at 44-27 (3d ed. 1995).

According to the stipulated facts, Farm Bureau paid $300,000 to the estate of Jeffrey D. Budzinski as a result of Jeffrey's medical expenses arising from his bodily injury sustained in the September 28, 1997, automobile accident. This amount is the per-person limit under the policy. The Budzinskis' claim of emotional distress seeks recovery for the emotional distress they suffered; however, their injuries were the result of Jeffrey's bodily injury in the accident. On the record before us, it is Jeffrey's injury and his resulting death which caused the Budzinskis the

emotional distress for which they sought relief from Justin Martinsen and Andrew Martinsen. That is, the Budzinskis claim damages resulting from the consequences of the accident involving Jeffrey. See *United Pacific Ins. v. Edgecomb*, 41 Wash. App. 741, 706 P.2d 233 (1985).

There is no evidence or suggestion in the record that the Budzinskis developed physical conditions causally related to the emotional distress they suffered as a result of the accident, and we do not consider whether this scenario, if established, could impose separate per-person liability on Farm Bureau whether or not the $300,000 per-person limit had been exhausted. Upon the record before us, we determine that the Budzinskis' emotional distress is a byproduct of and entirely dependent upon the bodily injury to Jeffrey. Contrary to the district court's conclusion, the Appellees have not established that the Budzinskis' injuries are not derivative of Jeffrey's bodily injury and that under a plain reading of the policy, see *American Fam. Mut. Ins. Co. v. Hadley*, 264 Neb. 435, 648 N.W.2d 769 (2002), and *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001), such claims are properly combined with the damage award for their son's injuries under the $300,000 "per person" limit of the policy, which limit has been satisfied. Because Farm Bureau has paid $300,000 due to Jeffrey's bodily injury, the per-person limit for Jeffrey's bodily injury has been reached, and there is no further payment available to the Budzinskis for damages attributable to his bodily injury. The district court's declaration that the Budzinskis were entitled to further relief up to the $500,000 per-occurrence policy limit was error and must be reversed.

## CONCLUSION

The policy's definition of "bodily injury" requires a physical injury to the body, and the Appellees have failed to allege or establish a "bodily injury" to anyone other than Jeffrey. The Appellees failed to establish that the Budzinskis' damages for emotional distress included "bodily injury" to them, and none will be implied on this record. Because the record shows that only Jeffrey sustained bodily injury, Farm Bureau's liability under the policy is limited to the single per-person limit of $300,000 "for all damages for **bodily injury** sustained by any

one person in any one **automobile accident.**" The $300,000 for medical expenses attributable to Jeffrey was paid and exhausted this limit. Thus, Farm Bureau had no further liability under the policy. We therefore reverse the district court's decision that Farm Bureau was liable for additional damages up to the $500,000 per-occurrence limit.

REVERSED.

HENDRY, C.J., not participating.