ROSEMARY POGGE AND PHILIP H. POGGE, APPELLANTS, V.
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
A MEMBER OF THE AMERICAN FAMILY
INSURANCE GROUP, APPELLEE.

723 N.W.2d 334

Filed November 9, 2006. No. S-05-714.

Joseph C. Byam, of Byam & Hoarty, for appellants.

Eugene L. Hillman and Patricia McCormack, of Hillman, Forman, Nelsen, Childers & McCormack, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Appellant Rosemary Pogge sustained injuries in a three-car accident in Omaha, Nebraska. Rosemary and her husband, appellant Philip H. Pogge, filed a lawsuit distinct from the instant appeal generally alleging negligence against the drivers of the other two vehicles. The Pogges reached settlements with the two drivers and their insurers and subsequently dismissed the negligence suit. With respect to the first driver, Lois Sisson, the Pogges settled for the full amount of her liability policy. With respect to the second driver, Nathan Mandell, the Pogges settled for $75,000, which was $25,000 less than his liability policy limit.

Following these settlements, the Pogges brought a declaratory judgment action in the district court for Douglas County. This declaratory judgment action gives rise to the instant appeal. In their declaratory judgment action filed against their insurer American Family Mutual Insurance Company (American Family), appellee, the Pogges sought a determination of the extent of the underinsured motorist coverage available to them under the "Family Car Policy" issued by American Family to the Pogges. Their underinsured motorist coverage contained an exhaustion clause generally providing that benefits could be obtained only after the Pogges exhausted other available insurance. This declaratory judgment case was the subject of a previous appellate decision, *Pogge v. American Fam. Mut. Ins. Co.*, 13 Neb. App. 63, 688 N.W.2d 634 (2004) (*Pogge I*), which resulted in a reversal and remand.

Upon remand to the district court, the Pogges and American Family filed cross-motions for summary judgment. At the evidentiary hearing, the Pogges introduced numerous items of evidence, including Mandell's deposition testimony regarding the

accident. Following the hearing, the district court ruled as a matter of law that "settling with Mandell's insurer for less than the policy's limit precludes [the Pogges] from recovering underinsured motorist benefits under their policy." The district court sustained American Family's motion for summary judgment, overruled the Pogges' motion for summary judgment, and dismissed the Pogges' declaratory judgment action. The Pogges appeal.

We conclude that the district court erred as a matter of law in concluding that the fact of settlement established Mandell's negligence and further determining that settlement with Mandell for less than the policy limit precluded coverage under the Pogges' underinsured motorist insurance. We further conclude, based on the record made on the parties' cross-motions for summary judgment, that because there is no evidence of Mandell's negligence, the Pogges were not required to exhaust Mandell's liability insurance coverage in order to claim underinsured motorist benefits under their American Family policy. Thus, the district court erred in denying the Pogges' motion for summary judgment and further erred in granting American Family's motion for summary judgment and dismissing the case. Accordingly, we reverse the orders relative to the motions for summary judgment and dismissal and remand the cause for further proceedings with respect to damages and attorney fees.

## STATEMENT OF FACTS

On January 15, 1999, Rosemary was involved in an automobile accident in Omaha involving two other vehicles. In the accident, Sisson, the driver of the first vehicle, was traveling westbound on Jackson Street and failed to yield to north-south cross-traffic having the right-of-way at the intersection of 114th and Jackson Streets. Sisson's vehicle collided with a second vehicle driven by Nathan Mandell, who was traveling northbound on 114th Street. The impact of the collision between Sisson's and Mandell's vehicles caused Mandell's vehicle to spin in a northwesterly direction and strike Rosemary's car, which was stopped facing east at a stop sign on Meadow Road at the corner of Meadow Road and 114th Street, an intersection slightly north of the 114th and Jackson Streets intersection. Rosemary, who was alone in her vehicle, sustained serious bodily injuries.

At the time of the accident, Sisson's car was insured by Safeco Insurance (Safeco), with a liability limit of $100,000, and Mandell's car was insured by State Farm Mutual Insurance (State Farm), also with a liability limit of $100,000.

The Pogges' car was insured by American Family, and their insurance policy contained underinsured motorist coverage of $100,000, which provided, in relevant part, as follows:

> **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**. The **bodily injury** must be sustained by an **insured person** and must be caused by accident and arise out of the **use** of the **underinsured motor vehicle**.
>
> . . . .
>
> **We** will pay under this coverage only after the limits of liability under any **bodily injury** liability . . . policies have been exhausted by payment of judgements [sic] or settlements.

The Pogges filed suit against both Sisson and Mandell, generally alleging negligence and seeking damages resulting from the accident. Thereafter, the Pogges negotiated a settlement with both Sisson's and Mandell's carriers. Sisson's insurer, Safeco, offered Sisson's liability policy limit of $100,000. State Farm, Mandell's insurer, offered $75,000, which was $25,000 less than the policy limit. The Pogges notified American Family that they had reached a tentative settlement of their claims against Sisson and Mandell. In a letter dated January 9, 2001, American Family advised the Pogges that it did not "have any objection to [the settlement or to Sisson and Mandell's receiving] full and complete releases." The letter also stated:

> American Family does not intend to substitute its own funds nor [sic] seek subrogation . . . because it is American Family's position that the underinsured motorist coverage available to the Pogges under their policy with American Family . . . would not be available to the Pogges for this claim in that they are agreeing to settle their claim for less than the full policy limits of all underlying liability policies available for this accident.

The parties to this appeal indicate that the Pogges accepted Safeco's and State Farm's offers and settled the negligence lawsuit. Thereafter, the Pogges made demand upon American Family under their underinsured motorist insurance coverage, claiming that their damages exceeded the $175,000 settlement. American Family refused the demand.

On January 14, 2003, the Pogges filed their "petition" against American Family, which we treat, as did the Nebraska Court of Appeals, as a "complaint" subject to the new rules of notice pleading. See Neb. Ct. R. of Pldg. in Civ. Actions 1 (rev. 2004). The complaint contained two counts. The first count sought a declaratory judgment with regard to the coverage afforded the Pogges under the provisions of their underinsured motorist insurance. The second count alleged that American Family had breached its duty of good faith and fair dealing caused by refusing to pay underinsured motorist benefits. In their complaint, the Pogges noted their respective settlements with Sisson and Mandell and alleged that their damages as a result of the accident exceeded the sum of such settlements and that as such, they were entitled to coverage under their underinsured motorist insurance with American Family. A copy of the policy was attached to the complaint.

American Family filed a motion to dismiss the Pogges' lawsuit under Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003). American Family asserted that the Pogges' failure to exhaust the policy limits of all of the insurance purportedly available to the Pogges from Sisson's and Mandell's insurance policies precluded benefits under the underinsured provisions of the American Family policy. Relying in part upon this court's decision in *Ploen v. Union Ins. Co.*, 253 Neb. 867, 573 N.W.2d 436 (1998), the district court sustained the motion and dismissed the Pogges' lawsuit in its entirety. In *Ploen*, this court was asked to determine, inter alia, in a case where a tort-feasor's liability policy had not been exhausted, whether an underinsured motorist provision that stated that the policy would provide benefits "only after 'the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements'" was void as against public policy. 253 Neb. at 870, 573 N.W.2d at 439. This court determined that the

exhaustion clause in *Ploen* was plain and unambiguous, and after reviewing the law in this state and other jurisdictions, we further determined it was not contrary to public policy.

The Pogges appealed the district court's order sustaining American Family's motion to dismiss to the Court of Appeals. The Court of Appeals reversed the district court's order and remanded the cause for further proceedings. *Pogge I.* In its opinion, the Court of Appeals acknowledged that the enforceability of the American Family exhaustion clause was governed by the *Ploen* decision and that the American Family exhaustion provision was similar to the provision in *Ploen.* The Court of Appeals noted, however, that given the facts, there were "several significant differences between *Ploen* and the instant case" and that dismissal by the district court was error. *Pogge I*, 13 Neb. App. at 69, 688 N.W.2d at 639. Specifically, the Court of Appeals stated that in *Ploen*, there was only one tort-feasor, whereas in the Pogges' case, there were two potential tort-feasors. Moreover, the Court of Appeals stated that with regard to these potential tort-feasors, "Sisson was clearly a negligent party, but whether Mandell was guilty of negligence which proximately caused Rosemary's injury [was] an open question." *Id.* In this regard, the Court of Appeals noted that under Nebraska law, the fact that Mandell had settled with the Pogges did not constitute an admission of liability.

Upon review of the motion to dismiss under rule 12(b)(6), the Court of Appeals determined that it could "'conjure' up a set of facts" that could be proved that would allow the Pogges to recover under their underinsured motorist insurance with American Family. *Pogge I*, 13 Neb. App. at 71, 688 N.W.2d at 640. In particular, the Court of Appeals determined in effect that if Mandell was not negligent, the Pogges would not be legally entitled to recover from him, and that his liability policy would not be available and in need of exhaustion. Specifically, the Court of Appeals stated:

> [W]e hold that Mandell's policy is not an applicable policy merely because State Farm paid part of its coverage into the settlement; rather, if the policy is applicable or available and must be exhausted, it is because Mandell was guilty of negligence which proximately caused injury to Rosemary.

However, from the facts of the accident as pleaded, there is a readily imaginable set of facts—Mandell's absence of negligence proximately causing injury—which would make Mandell's policy inapplicable.

*Id.* at 71, 688 N.W.2d at 640-41.

The Court of Appeals determined that under the principles of notice pleading, the district court erred in dismissing the Pogges' declaratory judgment action on a rule 12(b)(6) motion, "because there [was] a set of facts, which if proved, would make Mandell's State Farm policy inapplicable and therefore not subject to exhaustion." *Pogge I*, 13 Neb. App. at 72, 688 N.W.2d at 641. Accordingly, the Court of Appeals reversed the district court's decision sustaining American Family's motion to dismiss and remanded the cause with directions. Neither party filed a petition for further review. The Court of Appeals' mandate was issued on December 14, 2004, directing the district court to enter judgment "in conformity with the judgment and opinion of [the Court of Appeals]."

On February 2, 2005, following remand, American Family filed its motion for summary judgment. On March 18, the Pogges filed a cross-motion for summary judgment, in effect asserting that Mandell was not negligent and that therefore, they did not need to exhaust his insurance policy in order to receive benefits under their underinsured motorist insurance coverage. An evidentiary hearing on the cross-motions for summary judgment was conducted. Numerous exhibits were received. No witnesses testified live. The Pogges' evidence included a copy of their American Family insurance policy, certain medical records and billing statements, and Mandell's deposition.

The thrust of Mandell's deposition testimony was that at the time of the accident, he was driving slightly below the speed limit. He stated that he saw Sisson's vehicle as she was stopped at a stop sign. Mandell further testified that because he had the right-of-way, he assumed Sisson would wait for his vehicle to pass, but instead, as he reached the intersection, "she shot out." Mandell testified that after Sisson hit him, his vehicle was out of control, "spinning back and forth." Mandell stated that it was while his vehicle was uncontrollably spinning that he hit Rosemary.

The only evidence offered by American Family was the affidavit of a State Farm representative, the significance of which was that State Farm had settled the Pogges' claim against Mandell for $75,000 of Mandell's $100,000 policy limit.

In an order filed May 24, 2005, the district court sustained American Family's motion for summary judgment, overruled the Pogges' motion for summary judgment, and dismissed the case. The district court's order does not reflect consideration of or contain an evaluation of the evidence offered to show Mandell's negligence or absence thereof. Instead, the district court determined that the exhaustion language in the American Family policy was "nearly identical" to that in *Ploen v. Union Ins. Co.*, 253 Neb. 867, 573 N.W.2d 436 (1998), and concluded that such language "require[d the Pogges] to exhaust all limits of applicable liability policies. Therefore settling with Mandell's insurer for less than the policy's limit precludes [the Pogges] from recovering underinsured motorist benefits under their policy." The district court also concluded that the second count of the complaint involving the breach of good faith claim was without merit. The district court dismissed the Pogges' complaint with prejudice, and the Pogges appeal.

The Pogges appeal the district court's decision with regard to coverage under their underinsured motorist insurance but make no assignment of error or argument on appeal directed to that part of the district court's order dismissing their breach of good faith claim. Therefore, that claim remains dismissed, and that portion of the district court's order will not be further addressed in this opinion. With respect to the dismissal of the Pogges' declaratory judgment cause of action that had sought a ruling as to the availability of underinsured benefits, we conclude coverage is available to the Pogges, and we reverse, and remand for further proceedings consistent with this opinion.

## ASSIGNMENTS OF ERROR

On appeal, the Pogges assign five errors that can be restated as two. The Pogges claim that the district court erred (1) in sustaining American Family's motion for summary judgment with respect to the declaratory judgment cause of action and overruling the Pogges' motion for summary judgment with respect to

the declaratory judgment cause of action and (2) in denying the Pogges their attorney fees sought pursuant to Neb. Rev. Stat. § 44-359 (Reissue 2004). In their brief, the Pogges also seek attorney fees on appeal, but no application has been filed with this court, and we, therefore, do not consider this issue.

## STANDARDS OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Sjuts v. Granville Cemetery Assn., ante* p. 103, 719 N.W.2d 236 (2006). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Cerny v. Longley*, 270 Neb. 706, 708 N.W.2d 219 (2005).

## ANALYSIS

On appeal, the Pogges raise several arguments challenging the district court's order sustaining American Family's motion for summary judgment with respect to the declaratory judgment cause of action, overruling their motion for summary judgment as to that cause of action, and dismissing the case. In this opinion, we refer only to those arguments integral to our disposition of the appeal. The Pogges claim that the district court erred in concluding that (1) the fact that the Pogges settled with Mandell's insurer established Mandell's negligence and (2) the fact that Mandell settled for less than the policy limits precluded the Pogges from coverage under their underinsured motorist insurance policy. Moreover, the Pogges note that the district court failed to consider their evidence, which the Pogges claim established an uncontradicted prima facie case that Mandell was not negligent and that therefore, they were not required to exhaust Mandell's insurance limits before they could recover under their underinsured motorist insurance with American Family. In response, American Family argues that Mandell's settlement with the Pogges constitutes, in effect, an admission of liability by

Mandell and that therefore, the district court did not err in determining the Pogges were precluded from recovery under their underinsured motorist coverage due to their failure to exhaust the limits of Mandell's liability insurance policy.

We agree with certain of the Pogges' arguments and conclude that the district court erred as a matter of law when it concluded that the Pogges' settlement with Mandell constituted an admission of liability by Mandell, thus precluding the Pogges from recovering under the provisions of their underinsured motorist policy, when such settlement was for less than Mandell's policy limit. Moreover, we agree with the Pogges that the district court erred by failing to consider the evidence adduced with regard to Mandell's negligence or absence thereof, which consideration bears on the exhaustion issue. Even giving the inferences to American Family, our consideration of the evidence demonstrates that the Pogges are entitled to coverage, and we enter orders accordingly.

*Settlement Does Not Preclude Coverage.*

■ The essence of the Pogges' complaint is one seeking coverage under the terms of their underinsured motorist insurance with American Family. We have held that where coverage is denied, the burden of proving coverage under a policy is upon the insured. *Farm Bureau Ins. Co. v. Martinsen*, 265 Neb. 770, 659 N.W.2d 823 (2003). Compare *Auto-Owners Ins. Co. v. Home Pride Cos.*, 268 Neb. 528, 684 N.W.2d 571 (2004) (stating that burden to prove exclusionary clause in insurance policy applies rests upon insurer).

As noted above, in reviewing the adequacy of the Pogges' complaint, the Court of Appeals in *Pogge I* stated as follows:

> [W]e hold that Mandell's policy is not an applicable policy merely because State Farm paid part of its coverage into the settlement; rather, if the policy is applicable or available and must be exhausted, it is because Mandell was guilty of negligence which proximately caused injury to Rosemary. However, from the facts of the accident as pleaded, there is a readily imaginable set of facts—Mandell's absence of negligence proximately causing injury—which would make Mandell's policy inapplicable.

13 Neb. App. at 71, 688 N.W.2d at 640-41. Thus, the Court of Appeals rejected the argument that the fact of settlement constituted an admission of liability requiring the Pogges to exhaust the liability limits of Mandell's policy. Moreover, the Court of Appeals held that at least one set of facts could exist by which Mandell would not be legally liable to the Pogges, which if proved would mean that the Pogges would not need to exhaust the liability limits of Mandell's insurance policy in order to receive coverage under their own underinsured motorist insurance.

Despite the fact that in *Pogge I*, the Court of Appeals rejected the argument that the fact of settlement for less than Mandell's policy limits alone precluded the Pogges from recovery under their underinsured motorist insurance, the district court, upon remand and on cross-motions for summary judgment, nevertheless determined that "settling with Mandell's insurer for less than the policy's limit precludes [the Pogges] from recovering underinsured motorist benefits under their policy." Based upon this reasoning, the district court sustained American Family's motion for summary judgment and dismissed the Pogges' declaratory judgment action.

■ Implicit in the district court's decision is a determination that the fact of settlement established Mandell's liability. This conclusion is an error of law. Under Nebraska law, evidence of settlement is not admissible to prove liability for the settled claim. See, Neb. Rev. Stat. § 27-408 (Reissue 1995); *Baker v. Blue Ridge Ins. Co.*, 215 Neb. 111, 337 N.W.2d 411 (1983) (stating that evidence of settlement is inadmissible). See, also, *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987) (stating that district court's inference of admission of liability from correspondence discussing settlement was improper); *Myers v. McMaken*, 133 Neb. 524, 528, 276 N.W. 167, 169 (1937) (stating that settlements are favored in law, "[i]t is common knowledge that a person disclaiming all liability may endeavor to buy his peace by ridding himself of the annoyance of litigation," and consequently, expressed interest in settlement does not constitute admission of liability). The mere fact that Mandell's insurer settled with the Pogges should not have been considered by the district court as conclusive of Mandell's negligence, and we conclude that the district court erred as a matter of

law in stating that because the Pogges had settled with Mandell for less than the limits of Mandell's insurance policy, the Pogges were precluded from receiving benefits under the provisions of their underinsured motorist insurance.

*No Evidence Regarding Mandell's Negligence. Mandell's Insurance Is Not Available.*

 The instant case was before the district court on cross-motions for summary judgment. A party moving for summary judgment must make a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. *NEBCO, Inc. v. Adams*, 270 Neb. 484, 704 N.W.2d 777 (2005). Once the moving party makes a prima facie case, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Id.* The record on appeal shows that the Pogges demonstrated, without contradiction, their entitlement to judgment.

The Pogges moved for summary judgment on the issue of coverage under their insurance policy, an issue for which they had the burden of proof. See *Farm Bureau Ins. Co. v. Martinsen*, 265 Neb. 770, 659 N.W.2d 823 (2003). In order to establish their coverage, the Pogges introduced various items of evidence, including Mandell's deposition testimony, to show that Mandell was not legally liable to the Pogges and that therefore, Mandell's liability policy was not available to the Pogges and the Pogges did not need to exhaust Mandell's insurance policy in order to receive coverage under their underinsured motorist insurance. In this regard, we note that taking Mandell's deposition as a whole, he testified he was not driving negligently at the time of the accident and was therefore not responsible for Rosemary's injuries.

We have reviewed the record in this case, and we determine the Pogges produced enough evidence to establish a prima facie case that, if left uncontroverted at trial, would entitle them to judgment as a matter of law. That showing shifted the burden to American Family to produce evidence of a material factual issue. Even considering the affidavit of the American Family representative, and taking all inferences in favor of American

Family, American Family did not produce evidence to contradict the Pogges' evidence regarding Mandell's lack of negligence. Therefore, American Family failed to meet its burden of producing evidence, and there is no material fact in dispute regarding Mandell's lack of negligence and no evidence which would preclude the Pogges' demand for coverage. See *NEBCO, Inc. v. Adams, supra*. In view of the foregoing, we conclude the district court erred in granting summary judgment in favor of American Family, in denying the Pogges' motion for summary judgment, and in failing to grant summary judgment in favor of the Pogges.

Accordingly, we reverse the district court's order granting summary judgment in favor of American Family and denying the Pogges' summary judgment motion and we remand the cause for further proceedings on the issue of damages. Upon remand, the district court is directed to determine on the existing record what damages, if any, the Pogges sustained as a result of the accident that exceed the sum of their settlements with Sisson and Mandell, and as a result, what insurance proceeds, if any, they are entitled to receive under their underinsured motorist insurance with American Family.

### Attorney Fees Are to Be Considered by the District Court on Remand.

In the instant appeal, the Pogges claim they were improperly denied attorney fees by the district court. Attorney fees are available to an insured under § 44-359 "upon . . . judgment against" an insurance company "in addition to the amount of his or her recovery." See *Kirwan v. Chicago Title Ins. Co.*, 261 Neb. 609, 624 N.W.2d 644 (2001). Although in our analysis earlier in this opinion, we direct summary judgment in favor of the Pogges, because the Pogges have not yet obtained an amount of "recovery," if any, we cannot say that the district court's denial of their motion for attorney fees was in error. However, because we remand the cause for further proceedings in connection with the issue of damages, we further direct the district court to consider the Pogges' motion under § 44-359 upon remand and, in the event the Pogges obtain a recovery, to grant attorney fees as may be established by the record.

## CONCLUSION

We conclude the district court erred as a matter of law in concluding that the Pogges' settlement with Mandell constituted an admission of liability by Mandell and that because the Pogges settled for less than Mandell's policy limits, the Pogges failed to exhaust Mandell's policy and were precluded from receiving benefits under their underinsured motorist insurance coverage with American Family. We further determine that the Pogges established their entitlement to coverage under their underinsured motorist coverage with American Family. Accordingly, the district court erred in granting the summary judgment motion of American Family and in denying the summary judgment motion of the Pogges. We reverse the orders and direct that judgment be entered in favor of the Pogges. We further direct the district court upon remand to determine the Pogges' damages on the existing record. Finally, we direct the district court to consider the Pogges' motion for attorney fees at the trial level under § 44-359. We reverse the district court's orders and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

HENDRY, C.J., and McCORMACK, J., not participating.